MATILDA CELENTANO ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF HARTFORD ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 3—decided July 14, 1948

*Joseph J. Trantolo* and *John P. Cotter,* with whom was *John W. Joy,* for the appellants (plaintiffs).

*Norman Yellin,* for the appellees (defendants Ginszanski et al.), with whom were *Samuel Gould* and, on the brief, *Franz J. Carlson,* for the appellee (named defendant).

DICKENSON, J.  This is the plaintiffs' appeal from a judgment of the Court of Common Pleas dismissing their appeal from the action of the zoning board of appeals of the city of Hartford in granting two of the defendants a variation from the requirements of the zoning ordinance so that they could conduct a restaurant where beer could be sold instead of a tavern with a beer permit.  Error is assigned in the finding and in the conclusion of the court that the zoning board acted legally in varying the provisions of ordinances relating to the granting of such permits.

Undisputed facts are as follows: The defendants Ginszanski and DiBattista, to whom we shall hereinafter refer as the defendants, owned and operated a tavern at 64-66 Maple Avenue, Hartford, as an existing nonconforming use.  The property is within 200 feet of the Hartford Hospital, and there are 19 establishments where liquor is dispensed within 1500 feet of the premises.  The plaintiffs are neighboring property owners.  The premises are in zoning business No. 2 under the Hartford zoning ordinance.  Article 2, § 7, subsection 5A of the ordinance provides in part as follows: "No building or premises shall be used . . . which is arranged, intended or designed to be used: (a) for a restaurant, grill or tavern serving alcoholic liquor

(as defined in the Liquor Control Act) if any part of said building or premises is situated on any part of a lot within fifteen hundred feet radius in any direction of any lot upon which is located a building or premises used for the purpose of a restaurant, grill or tavern serving alcoholic liquor [or is] (c) . . . within two hundred feet radius of any part of a lot used or reserved to be used for the purpose of . . . a hospital operated as a benevolent institution." On July 28, 1947, the defendants made an application to the zoning board of appeals for a variation of the ordinance so that they might change their premises from a tavern to a restaurant where beer could be sold. No one appeared before the board to object to the application, and on September 29, 1947, the board granted the permit. Substantial alterations to the premises were made and food and beer were sold by the defendants.

The trial court found other facts which it held constituted practical difficulty and unnecessary hardship in operating the defendants' premises as a tavern and justified the zoning board of appeals in granting the variation. These findings are attacked on the ground that they have no basis in the evidence. Nothing in the testimony offered in court supports them and, even if the court could properly consider the entire transcript of the proceedings before the board of appeals which was admitted as an exhibit, the only matters therein relevant to these findings are certain statements of counsel which to a slight degree give them support. Such statements, however, are not evidence which the court can use in making its finding. The findings attacked must be stricken out. The only reason suggested in the transcript for the granting of the variation is the statement of one member of the board who, in moving that it be allowed, said: "I consider it in con-

formity with the intent and purposes of the zoning regulations."

The zoning ordinance of the city of Hartford contains the following provisions: Article 5, § 5, subsection 5: "Permits for Special Exceptions. The Board of Appeals may on petition, after public notice and hearing and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purpose and intent, and grant permits in specific cases hereinafter listed. Said power shall be exercised only if there shall be difficulty or unreasonable hardship in carrying out the strict letter of the ordinance and so that the spirit of the ordinance shall be observed, public welfare and safety secured and substantial justice done." Following this provision is a list of the "specific cases," which include: "(i) For the extension of a nonconforming use or building upon the lot occupied by such use or building at the time of the adoption of this ordinance. . . . (n) In business and industrial zones the requirements of Article 2, §7, Subsection 5, may be waived and permits given to restaurants, taverns, grills and package stores which sell or serve alcoholic liquors." After the deletions from the findings are made, the remaining facts obviously do not satisfy the conditions which, under the ordinance, must be met before the board can permit the variation. The conclusion of the trial court to the contrary cannot be sustained.

In view of this conclusion we do not consider the further claim of the plaintiffs that the zoning board of appeals had previously rejected a similar application for a restaurant permit on the same premises.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.