MATILDA CELENTANO ET AL. v. ZONING BOARD OF APPEALS OF THE CITY OF HARTFORD ET AL.

BROWN, JENNINGS, BALDWIN, INGLIS AND O'SULLIVAN, JS.

Argued February 10—decided April 18, 1950.

*Norman Yellin,* for the appellants (defendants Ginszanski et al.).

*Joseph J. Trantolo* and *John P. Cotter,* for the appellees (plaintiffs).

O'SULLIVAN, J. Upon a previous appeal of this case, error was found. *Celentano* v. *Zoning Board of Appeals,* 135 Conn. 16, 60 A. 2d 510. We there held that the zoning board of appeals of the city of Hartford was without power to grant to the defendant applicants a variance of the zoning ordinance unless practical difficulty or unreasonable hardship was proven. The case was remanded on the ground that there was no evidence to support a finding of either of these essentials. A new trial was had in the Court of Common Pleas. The plaintiffs had judgment sustaining their appeal from the action of the zoning board. The defendants have appealed to this court, assigning errors in the finding, a ruling on evidence and the court's legal conclusions.

These are the material facts found, as corrected in certain minor details: Since 1936, a tavern has been conducted in a store located at 64 Maple Avenue, Hartford. Until 1947, it was separated by a brick common wall from an adjoining store in the same building. Ginszanski and DiBattista, whom we shall call the defendants, became the proprietors of the tavern on May 1, 1947, and at the same time leased the adjoining

store. The premises are within 1500 feet of nineteen liquor-dispensing outlets and within 200 feet of the Hartford Hospital. Upon taking possession, the defendants sought and obtained permission from the zoning board of appeals to enlarge the tavern by utilizing the adjoining store. They broke a doorway through the common wall and proceeded to use both stores until notified that the operation of a tavern in other than a single open space was forbidden by the regulations of the liquor control commission. Instead of expending the $2000 required to remove the common wall, the defendants applied to the board for a variation of the zoning ordinance in order that they might run a restaurant with a beer permit in both stores, and thus avoid the expense of any structural change. The board granted the application. A restaurant with a beer permit may remain open on Sundays; a tavern may not.

The case presents a situation where the extension of a nonconforming use is involved, and the controlling question is whether the zoning board of appeals abused its discretion in granting a variance of the ordinance to the defendants. *Blake* v. *Board of Appeals,* 117 Conn. 527, 533, 169 A. 195; *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 135, 154 A. 343.

Article 5, § 5, subsection 5, of the Hartford zoning ordinance, which has been the subject of repeated examination by this court,[1] provides that the power of the zoning board of appeals to vary the requirements of the ordinance "shall be exercised only if there shall be difficulty or unreasonable hardship in carrying out

[1] *Rafala* v. *Zoning Board of Appeals,* 135 Conn. 142, 62 A. 2d 337; *Celentano* v. *Zoning Board of Appeals,* 135 Conn. 16, 60 A. 2d 510; *Delaney* v. *Zoning Board of Appeals,* 134 Conn. 240, 56 A. 2d 647; *Stavola* v. *Bulkeley,* 134 Conn. 186, 56 A. 2d 645; *Kamerman* v. *LeRoy,* 133 Conn. 232, 50 A. 2d 175; *Benson* v. *Zoning Board of Appeals,* 129 Conn. 280, 27 A. 2d 389; *Thayer* v. *Board of Appeals,* 114 Conn. 15, 157 A. 273.

the strict letter of the ordinance and so that the spirit of the ordinance shall be observed, public welfare and safety secured and substantial justice done."

The only substantial reason advanced to support the action of the board is that to require the defendants to expend $2000 in removing the common wall imposes an unreasonable hardship upon them. The power to grant a variation is to be sparingly exercised. *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 540, 45 A. 2d 828; *Grady* v. *Katz,* 124 Conn. 525, 529, 1 A. 2d 137. Where the basis upon which the claim of hardship rests is financial in nature, there rarely can be justification for a variance. *Devaney* v. *Board of Zoning Appeals,* supra, 543; *Benson* v. *Zoning Board of Appeals,* 129 Conn. 280, 283, 27 A. 2d 389; *Osborn* v. *Darien,* 119 Conn. 182, 185, 175 A. 578; *Thayer* v. *Board of Appeals,* 114 Conn. 15, 22, 157 A. 273.

The facts of this case disclose no such unusual situation. Furthermore, the hardship, if such it may be called, did not originate in the ordinance. The defendants have brought it on themselves. They leased the adjoining store with full knowledge of the ordinance and of the prohibitions it contained. The curtailment of a program of expanding their business activities into fields which, by reason of their reluctance to make essential structural changes, were forbidden constitutes no unreasonable hardship. *Devaney* v. *Board of Zoning Appeals,* supra, 544; *Piccolo* v. *West Haven,* 120 Conn. 449, 455, 181 A. 615; see *Torello* v. *Board of Zoning Appeals,* 127 Conn. 307, 16 A. 2d 591. The trial court correctly held that the board had abused its discretion.

We take note of the procedure which was pursued upon the return of the case following the former appeal. It was stated in oral argument that all counsel agreed that the Court of Common Pleas might rehear

the matter without sending it back to the zoning board of appeals. In view of this, we have dealt with the question as the court did, that is, that as a matter of law the additional evidence, considered in connection with that previously offered before the board, was insufficient to support the conclusion that a hardship of such a nature existed as to justify a variance of the ordinance.

During the course of the trial, the defendants called several witnesses who were property owners in the vicinity of Maple Avenue. They were asked whether or not there was a need for the proposed use in the community. To this line of questioning objection was made and sustained. We need not determine whether this ruling was correct; the defendants could not have been harmed by it, since they failed to establish the hardship essential under the ordinance.

There is no error.

In this opinion the other judges concurred.