ROWLEY PLUMB ET AL. *v.* BOARD OF ZONING APPEALS OF THE CITY OF NEW HAVEN ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued October 7—decided November 2, 1954

*Alfonse C. Fasano,* with whom was *Alfred A. Toscano,* for the appellants (defendants Mauro et al.).

*Thomas F. Keyes, Jr.,* for the appellees (plaintiffs).

INGLIS, C. J. Olin Industries, Inc., through Nicholas Mauro, applied to the board of zoning appeals of the city of New Haven, hereinafter referred to as the board, for a variance of the zoning regulations to permit the use of property known as 200 Bassett Street, New Haven, as the site of two one-story buildings for the storage of lumber, building equipment and masonry supplies. The board granted the application, and the plaintiffs, owners of property in the neighborhood, appealed to the Court of Common Pleas. The court rendered judgment reversing the decision of the board, and from that judgment this appeal has been taken.

The following facts were before the board when it granted the variance. The land in question is bounded on the north by Bassett Street, 224 feet, and on the south by Brewster Street, 112 feet. On the west it abuts a right of way of the New York, New Haven and Hartford Railroad Company for 320 feet. It is now owned by the defendant Olin Industries but is under contract of sale to the defendant Mauro on condition that it becomes available for the use for which the variance is sought. There are now no buildings of any kind upon the property. Prior to 1947, the area in which the lot is located was zoned for industry. In that year, however, the zoning regulations were amended so that the greater portion of two large city blocks, including this property, fell in a residence B zone. No residences have been built in the neighborhood since the change of zone. Olin Industries had owned the land for many years prior to 1947 and at one time had planned to use it for industrial purposes. Dixwell Avenue is about 300 feet west of the property, and the frontage on that street is zoned business A. The use for which the variance was sought was one which was permitted

in business A zones but not in residence B zones. Between the railroad track and Dixwell Avenue, along the south side of Bassett Street, there are a live poultry market, a gasoline station, a manufacturing plant and a long series of old garages. On the north side of Bassett Street, a gasoline station and other commercial enterprises are located. East of the property, on Brewster Street, there is a plumbing supply house.

Upon the foregoing facts and others, the board concluded "that due to its proximity to Dixwell Avenue and Bassett Street, a commercial neighborhood and due to the location of railroad tracks immediately adjacent to this property, no one would want to build a home for residential purposes or for any of the permissible uses under the present zoning classification; that the uses sought in this appeal would not mar the appearance of this particular location nor [a]ffect the values of the homes . . . within its vicinity; that no traffic hazard would be created; that the use sought here would do away with an attractive nuisance created by the existence of the railroad tracks at or near an open lot, [and] that a literal enforcement of the provisions of [the] Zoning ordinance would create an injustice and be in effect confiscatory in that the chances of using said premises for any of the permissible uses are quite remote particularly with railroad tracks located immediately adjacent to the premises." The board, acting under § 1033 (7) of the New Haven ordinance, granted a variance on the ground of undue hardship.

The trial court sustained the appeal on the ground that the evidence before the board did not warrant its conclusions, that the variance was not in accord with the comprehensive plan of zoning and that, therefore, in granting it the board acted arbitrarily,

illegally and in abuse of its discretion and exceeded its powers.

As we have so often said, the power to grant variances from the strict application of zoning ordinances should be carefully and sparingly exercised. *Celentano* v. *Zoning Board of Appeals,* 136 Conn. 584, 587, 73 A.2d 101.; *Kamerman* v. *LeRoy,* 133 Conn. 232, 235, 50 A.2d 175. Occasionally, however, situations arise in which the practical and just enforcement of zoning regulations requires that variances be granted. When zoning ordinances authorize an administrative board to vary the regulations under specified conditions, the determination by the board that the conditions have been met is entitled to weight and may be upset by a court only if it appears that in arriving at that determination the board acted illegally, arbitrarily or in abuse of its discretion. *McMahon* v. *Board of Zoning Appeals,* 140 Conn. 433, 438, 101 A.2d 284.

In the present case, the trial court in its memorandum of decision and the plaintiffs in their brief have taken the position that in reality what the board did was to place the land in question in a zone different from that in which it had been placed by the ordinance. Thus, it is argued that the board took to itself legislative power which under the New Haven charter it did not have. This argument is based on a misconception of the nature of the action taken by the board. That action does not purport to place the land in a different zone. It merely purports to relieve it of some of the restrictions which the ordinance imposes on property within the zone in which it lies. It is the grant of a variance with which we are concerned, not a change of zone. The only question involved in the case, therefore, is whether the board acted illegally, arbitrarily or in

abuse of its discretion in the exercise of whatever power to grant variances was vested in it by the zoning ordinance.

The pertinent provision of the ordinance is found in § 1033. That reads: "The Board of Zoning Appeals may in appropriate cases, after public notice and hearing and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purpose and intent as follows: ... 7. Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of any provision of this Ordinance, or where the effect of the application of the Ordinance is arbitrary, the Board of Zoning Appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent so that the public health, safety and general welfare may be secured and substantial justice done."

To permit the granting of a variance under such an ordinance as that just quoted, two conditions must be satisfied. First, the strict application of the restrictions imposed by the zoning regulations on the property in question must constitute a practical difficulty or an unnecessary hardship. Second, the variance may only be granted to permit such a use as is in harmony with the general purposes of the zoning regulations, and then only to attain substantial justice.

The hardship must be one different in kind from that imposed upon properties in general by the ordinance. It is not usually enough that the owner can obtain a better income from the property if the variance is granted. *Celentano* v. *Zoning Board of Appeals,* 136 Conn. 584, 587, 73 A.2d 101; *Benson* v. *Zoning Board of Appeals,* 129 Conn. 280, 283,

27 A.2d 389. A hardship resulting from the peculiar topography or condition of the land or a particular location which makes the property unsuitable for the use permitted in the zone in which it lies may well be such a hardship as is contemplated by the ordinance. *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 543, 45 A.2d 828; *McMahon* v. *Board of Zoning Appeals,* 140 Conn. 433, 441, 101 A.2d 284. The requirement that the hardship be unnecessary is closely allied to the second essential condition, that the granting of the variance shall be in harmony with the general purposes of the zoning regulations and shall work substantial justice. If the use to be permitted by the variance is such that it runs counter to the fundamental principles of zoning, then the hardship resulting from the strict application of the ordinance is one which must be borne. It is a necessary hardship. On the other hand, if a real hardship exists and it can be alleviated by the granting of a variance without materially impairing the effectiveness of the zoning regulations as a whole so as to be out of harmony with their purposes, then it is within the power of the board to grant the variance. *Parsons* v. *Board of Zoning Appeals,* 140 Conn. 290, 295, 99 A.2d 149.

In the present case, the facts appearing before the board warranted its conclusion that an unnecessary hardship would result from the strict application to the property in question of the restrictions imposed by the regulations on the use of properties in a residence zone. It could well have been found, as it was, that the lot was unsuitable for residence purposes and that this was brought about by reason of its location next to the railroad track and in a district which was already devoted to commercial use. In this particular, the lot differed from ordinary

lots situated in residence zones. Moreover, the variance asked was one which was in harmony with the fundamental purposes of the zoning regulations. Those purposes are to promote public safety, to avoid traffic hazards and to stabilize property values. By permitting the use of the property for a lumberyard, the board removed the hazard to public safety inherent in the location next to a railroad track of a vacant lot, with its invitation to children to play on it. The conclusions of the board that the proposed use of the property would not create a traffic hazard or adversely affect the value of other property in the neighborhood cannot be successfully attacked. We cannot find that the board abused its discretion or acted illegally or arbitrarily in granting the variance.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment dismissing the appeal.

In this opinion the other judges concurred.