DORIS TALMADGE *v.* BOARD OF ZONING APPEALS OF THE CITY OF NEW HAVEN

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued October 7—decided November 9, 1954

*Ellsworth B. Foote,* with whom, on the brief, was *Richard C. Hannan,* for the appellant (plaintiff).

*Harold M. Mulvey,* assistant corporation counsel, with whom, on the brief, was *George W. Crawford,* corporation counsel, for the appellee (defendant).

DALY, J. The plaintiff, the owner of property known as 1228 Quinnipiac Avenue, in New Haven, located in a residence B zone, applied to the board of zoning appeals of the city of New Haven for a variance of the zoning regulations to permit her to conduct, on the first floor of her three-family residence, a boarding home for not more than six persons beyond the age of sixty years. The zoning ordinance provided that a building in a residence B zone might be used, in addition to other permitted uses, for a boarding house, or for a hotel having thirty or more sleeping rooms. At the hearing before the board, it was stated that the plaintiff was conducting and desired permission to conduct a boarding home for six "old age" women, with care, observation and maintenance supplied by her and supervised by the state of Connecticut. The board denied the application and found "that the operation on the first floor is more of a rest home than a boarding house because the operation is supplemented by care and attention by the operator of the home and supervised by the State of Connecticut, all of which takes it out of the category of a boarding house; that the operation on the first floor is somewhat of a wedge and subterfuge for a convalescent home; that the operation on the first floor was a business conducted in a Residence 'B' zone and therefore contrary to our Zoning Ordinance." The plaintiff's appeal to the Court of Common Pleas was heard solely upon the record of the proceedings before the board. From a judgment dismissing the appeal the plaintiff has appealed to this court.

The plaintiff maintains that the court erred in concluding that the decision of the board was not arbitrary, unreasonable and illegal. She also claims that the board's decision was not in harmony with

the general purpose and intent of the zoning ordinance. The appeal to the court from the decision of the board did not require or permit the court, by trial de novo, to substitute its finding and conclusions for the decision of the board. Its functions were limited to a determination whether the board, as alleged by the appeal, had acted arbitrarily or illegally, or so unreasonably as to have abused its discretion. *Gunther* v. *Board of Zoning Appeals,* 136 Conn. 303, 306, 71 A.2d 91; *Blake* v. *Board of Appeals,* 117 Conn. 527, 531, 532, 169 A. 195; *Holley* v. *Sunderland,* 110 Conn. 80, 82, 147 A. 300. It is essential to the functions of zoning boards of appeal that they be invested with liberal discretion. *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 139, 154 A. 343. The burden of proof to show that the board acted improperly was on the plaintiff. *DeFelice* v. *Zoning Board of Appeals,* 130 Conn. 156, 164, 32 A.2d 635; *Perdue* v. *Zoning Board of Appeals,* 118 Conn. 174, 178, 171 A. 26.

The New Haven zoning ordinance empowered the board of zoning appeals to grant a variance "[w]here there are practical difficulties or unnecessary hardships . . . or where the effect of the application of the Ordinance is arbitrary." § 1033 (7). In the plaintiff's appeal to the Court of Common Pleas from the decision of the board, she alleged that the denial of her application for a variance "resulted in exceptional difficulty and unusual hardship, and produces substantial injustice, and deprives the plaintiff of making a livelihood, all of which entitles the plaintiff to the variances sought." It will be noted that she did not allege that the effect of the application of the ordinance was arbitrary.

In the plaintiff's assignment of errors she now claims that the court erred in concluding that prac-

tical difficulty or unnecessary hardship must be shown before the board could grant the plaintiff's request for a variance. She also claims that the court erred in failing to hold that under the zoning ordinance it was not necessary that practical difficulties or unnecessary hardships be shown and that the plaintiff was entitled to relief where the effect of the application of the ordinance was arbitrary. She does not now claim that she has shown unnecessary hardship. Because of the allegation in her appeal from the decision of the board, the court was justified in treating her appeal as one from the denial of her application for a variance sought under the portion of the ordinance which permits the granting of a variation "[w]here there are practical difficulties or unnecessary hardships." There was no reason why it should have dealt with it as an appeal from the board's denial of an application for a variance sought under the portion of the ordinance authorizing a variance "where the effect of the application of the Ordinance is arbitrary." The court did not err in holding that it was necessary that practical difficulties or unnecessary hardships be shown.

The power of authorizing variations is to be sparingly exercised. A variance is to be granted only to avoid an unnecessary hardship. The hardship must be one different in kind from that imposed upon properties in general by the ordinance. It is not usually enough that the owner can obtain a better income from the property if the variance is granted. *Plumb* v. *Board of Zoning Appeals*, 141 Conn. 595, 600, 108 A.2d 899; *Celentano* v. *Zoning Board of Appeals*, 136 Conn. 584, 587, 73 A.2d 101; *Benson* v. *Zoning Board of Appeals*, 129 Conn. 280, 283, 27 A.2d 389. A hardship resulting from

the peculiar topography or condition of the land or from a particular location which makes the land unsuitable for the use permitted in the zone in which it lies may well be such a hardship as is contemplated by the ordinance. *Plumb* v. *Board of Zoning Appeals,* supra; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 543, 45 A.2d 828; *McMahon* v. *Board of Zoning Appeals,* 140 Conn. 433, 441, 101 A.2d 284. In the determination whether a variance is permissible, the requirement that any change shall be in harmony with the general intent and purpose of the ordinance is highly important. *Gunther* v. *Board of Zoning Appeals,* 136 Conn. 303, 309, 71 A.2d 91. We cannot find that the board abused its discretion or acted illegally or arbitrarily in denying the plaintiff's application for a variance. Although the granting of the variance might have permitted the plaintiff to use her property to somewhat better advantage, the board might reasonably have found that she was in no different situation from that occupied by any other property owner in a residential zone. It may be true, as she contends, that the use she desired to make of her property was not very different from the permitted uses of boarding houses and hotels; nevertheless, she did not claim that it was a permitted use. If it were, she had no need to apply for a variance. She was not entitled to a variance simply because the granting of it would cause no great harm. She was entitled to it only if it also appeared that because of something peculiar about her property or her situation with reference to it the strict enforcement of the zoning regulations would result in unnecessary hardship to her. The board could reasonably have found that she would suffer no unnecessary hardship if she were compelled to continue to devote

her property to the uses permitted in a residence B zone. Accordingly, the board was not arbitrary or unreasonable in denying the plaintiff's application.

The plaintiff complains that the denial of her application by the board was unconstitutional. In doing so, she concedes that she cannot attack the "constitutionality of the ordinance as construed by the defendant." She claims that the unconstitutionality of the action of the board may be taken into account in the determination whether the action of the board was illegal. Incidental damage to property resulting from governmental activities or from laws passed in the promotion of the public welfare is not considered a taking of the property for which compensation must be made. *State* v. *Hillman,* 110 Conn. 92, 104, 147 A. 294; *De Palma* v. *Town Plan Commission,* 123 Conn. 257, 267, 193 A. 868. "Government hardly could go on if to some extent values incident to property could not be diminished without paying for every such change in the general law. As long recognized, some values are enjoyed under an implied limitation and must yield to the police power." *Pennsylvania Coal Co.* v. *Mahon,* 260 U.S. 393, 413, 43 S. Ct. 158, 67 L. Ed. 322. All property is held subject to the right of government to regulate its use in the exercise of the police power, so that it shall not be injurious to the rights of the community, or so that it may promote health, morals, safety and welfare. Regulations may result, to some extent, practically in the taking of property, or in restricting its uses, and yet not be deemed confiscatory or unreasonable. *State* v. *Hillman,* supra, 105. The defendant board acted well within the power granted to it by the ordinance. If, as is admitted, the ordinance is constitutional, no action of the board which is authorized by the ordi-

nance can be unconstitutional. The denial of the application by the board was not a violation of the plaintiff's constitutional rights.

There is no error.

In this opinion the other judges concurred.