[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by Albert J. Koziol from a decision of the Zoning Board of Appeals of the Town of Preston, denying his application for variances of Sections 12.1, 12.2, 12.5, 12.6 and 12.7 of the Zoning Regulations as concerns a 6.53-acre tract on the easterly side of Route 12, Military Highway in the Town of Preston.
This administrative appeal is taken pursuant to the provisions of Section 8-8 of the Connecticut General Statutes.
FACTUAL BACKGROUND
The Plaintiff, Albert J. Koziol, is the owner of a certain parcel of land containing approximately 6.53 acres located in the Town of Preston, Connecticut. Situated on said parcel of land are six single-family houses each with its own well and each with its own septic system and each provided with access to Route 12 by a 12-foot wide paved common driveway. See map entitled "Sketch of land to accompany zoning Variance Request by Albert Koziol, Connecticut Rte. #12, Preston, Conn. Scale 1" — 40', February 1989, Roland J. Harris Assoc., Inc.", which map is a part of the record.
On March 13, 1989, the Plaintiff's agent, Roland J. Harris, submitted to the Town of Preston Zoning Board of Appeals an application seeking variances of specific sections of the Preston Zoning Regulations. In connection therewith, Roland Harris submitted a plan depicting the 6.53 acres of land together with the structures located thereon. Lots 1 through 4 required variances reducing the 40,000 square foot minimum area requirement. Lots 1 through 3 and Lots 5 and 6 required one or more setback variances. Lots 2 through 6 required a variance of the frontage requirements from 150 feet on a public road to 0 feet. Total variances sought were sixteen. On July 10, 1989, a public hearing was held in connection with the Plaintiff's application. At the conclusion of the public hearing, the Zoning Board of Appeals postponed decision on the application until such time as they had an opportunity to view the property. On August 14, 1989, at the regular meeting of the Zoning Board of Appeals for the Town of Preston, the Board unanimously denied the Plaintiff's application for the following stated reason: "REASON: Reason for denying — Magnitude of the variances exceed the Board's jurisdiction."
At the public hearing held on July 10, 1989, Chris Clark of Roland J. Harris and Associates explained to the Board that the preparation of the plan required adherence to CT Page 1574 standards regarding distances between structures and property lines with respect to the wells and the septic systems of the various houses. In addition, sufficient reserve area for any septic problems was also provided for with respect to each of the house lots. It was represented that each of the six houses are currently occupied by tenants. The Plaintiff filed his application in accordance with Section 20-1.2 of the Preston Zoning Regulations which states as follows:
 "Any person may apply to the Zoning Board of Appeals for a variance of these regulations with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of these Regulations would result in exceptional difficulty or unusual hardship. "
The Plaintiff claimed that his application for variances would not violate the spirit and intent of Section 19 of the Preston Zoning Regulations in that no nonconforming use and no building containing a nonconforming use will be extended or expanded as a result of the variances sought. (Section 19.2.3) Section 19.3 of the Zoning Regulations permits the Zoning-Board of Appeals to approve variances for "yard requirements of a size not less than presently exists."
Under Section 8-6 of the Connecticut General Statutes, the zoning board of appeals shall have the following powers and duties:
 ". . . (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not CT Page 1575 be permitted by a variance in districts in which such uses are not otherwise allowed."
Section 8-7 of the Connecticut General Statutes requires that whenever a zoning board of appeals grants or denies a variance, "it shall state upon its records the reason for its decision. . . ." In the instant matter, the minutes of August 14, 1989 states as follows:
 "The Board felt that the magnitude of variances far exceeded any that this Board has ever approved. Mr. Norman said that there is no road frontage and approving this application will not solve the problem. A motion was made to deny the application: Voting to deny — Freedman, Maurice, Schneider, Brown, and Stolz. Unanimous.
 Reason for denying — Magnitude of the variances exceed File #89-12 — Application."
The Plaintiff contends that said statement is insufficient as a reason for denial.
Plaintiff claims that the hardship imposed upon him was the result of the adoption of zoning by the Town of Preston, which occurred on April 13, 1964.
Plaintiff claims that pursuant to Section 8-7d, there are certain time constraints upon applications for variances such as the one filed by the Plaintiff. Plaintiff claims that when the public hearing was conducted on July 10, 1989, said public hearing occurred eighty-four days after receipt of application. Plaintiff claims the hearing in the instant matter was not conducted within sixty-five days of receipt of application as required by subsection (a) of Section 8-7d, citing Pellitteri Chevrolet, Inc. v. Zoning Board of Appeals of Norwalk, 21 Conn. App. 347. Plaintiff claims that the timing requirements of said statute are mandatory and that failure to comply by the Zoning Board of Appeals results in the approval of the application being automatic. See also Vartuli v. Sotire, 192 Conn. 353.
The plaintiff has the burden of overthrowing the decision of the ZBA from which he appeals. It rests squarely on his shoulders to establish that the board acted illegally, arbitrarily or in abuse of its discretion in denying his application. Verney v. Planning and Zoning Board of Town of CT Page 1576 Greenwich, 151 Conn. 578 (1964). McGavin v. Zoning Board of Appeals of Town of Westport, 26 Conn. Sup. 251 (1966). Moreover, the courts are to allow zoning authorities wide and liberal discretion in determining public need and how it is met. Wade v. Town and Plan and Zoning Commission of the Town of Hamden, 145 Conn. 592 (1958); and, if the issue is fairly debatable the court cannot substitute its judgment for that of the board. DeMeo v. Zoning Commission of Bridgeport, 148 Conn. 68
(1961).
In the instant case, Plaintiff's position relates to Section 19 of the Preston Zoning Regulations, in essence claiming a valid preexisting nonconforming use to the Town regulations. However, in reviewing the record, there is no evidence of such a nonconforming use. In reviewing the transcript, there are only two occasions when the issue is discussed in any significant way. On the second page of Exhibit 6, counsel for the plaintiff states that "These houses existed prior to the Planning and Zoning Regulations of the Town of Preston." And, on the seventh page, Mr. Clark states, "The houses preexisted those regulations that are implementing the problems that we have now.
Mr. Clark's statement is unsworn and offers no factual information, only a bare conclusion which the board was free to disregard. To find a valid nonconforming use, the board needed to find that the use was lawful and in existence at the time the regulation making the use nonconforming was enacted, that it was substantial and known as such in the neighborhood. Prospect Gardens Convalescent Home v. City of Norwalk, 32 Conn. Sup. 214 (1975). Here, the record is silent as to any of these facts.
The record is barren with respect to establishing a prior nonconforming use.
The record fails to disclose any deeds, building permits, tax rate bills, assessor's cards, certificates of occupancy, sanitary system or well approvals which would in any way establish when the six residences were built or constructed in relation to the enactment of zoning regulations for the Town of Preston. The observations of counsel are not evidence on which the court could make such a determination. See Celantano v. Zoning Board of Appeals of Hartford,135 Conn. 16.
The record is barren as concerns any testimony under oath by any predecessor in title as to the subject residences and when they were erected. No contractor or builder testified at the hearing as concerns when the residences were CT Page 1577 constructed or erected.
There was no factual or evidentiary foundation before the Board to establish a valid nonconforming use.
One cannot tell from the record when the structures were erected and therefore were one to conject that they were built after the implementation of planning or zoning then to request variances and not having previously complied with existing rules or regulations of the town would make a mockery of the process.
AGGRIEVEMENT
Section 8-8 of the Connecticut General Statutes states that any person aggrieved by an order or decision of a board may appeal to the Superior Court.
The Court finds that the Plaintiff, by virtue of his application and his statements to the Board, is the owner of the subject premises and an aggrieved party.
Goldfield v. Planning and Zoning Commission, 3 Conn. App. 172
(1985).
As to the issue raised by Plaintiff's counsel in the Supplementary Brief and the claim as to the running of the 65-day period, reference being made to Section 8-7d sub(a), Connecticut General Statutes, the Court observes the following.
The minutes of the Zoning Board of Appeals meeting of March 13, 1989, reflect the following in part ("they would need to go to Planning and Zoning first for the layout of the lots as Zoning Board of Appeals cannot do this and then resubmit an application to Zoning Board of Appeals for the variances").
Plaintiff's complaint in his prayer for relief in part. . . "requests that the decision of the Planning Commission of the Town of Preston be overruled."
The record is at best obscure or nonexistent as to whether the consideration or approval of Planning and Zoning was ever invoked or sought on a project which if post April 13, 1964 was clearly a subdivision.
And as to the minutes of the Zoning Board of Appeals under date of July 10, 1989, the Court observes, "Application of Albert Koziol. The Board decided to postpone decision on CT Page 1578 this application until they have had a chance to look at the property."
No issue was raised at the July 10, 1989 hearing of approval by lapse of time.
No request was made for mandamus on the basis of automatic approval.
At the time of argument before the Court on January 14, 1991, Plaintiff offered without objection a copy of Section 22 of the Preston Zoning Regulations showing their effective date (April 13, 1964).
Plaintiff testified at the January 14, 1991 hearing again without objection as to his knowledge as to the dates of construction of the six structures on the tract but no formal request was made to take testimony outside of the record nor was such testimony before the Zoning Board of Appeals and therefore cannot be considered by the Court incident to this appeal.
It would appear, based on the transcript of the proceedings which in some respects are vague and uncertain, that any delay occasioned between the March application and the July hearing was presumably due to the Plaintiff asking for consideration and/or approval of the subdivision map by Planning and Zoning and not any intentional delay by the Board.
This would make Plaintiff's reliance on Shapero v. Zoning Board of Appeals of the City of Stamford, 192 Conn. 367, unavailing and no support for the proposition of approval by mere lapse of time.
In any event, Section 8-7d(a) provides in part "all decisions on such matters shall be rendered within sixty-five days after completion of such hearing."
The hearing was not completed until July 10, 1989, and the decision rendered on August 14, 1989, well within the statutory time frame.
The proper-foundation for seeking a variance on the basis that there was a prior nonconforming use ante dating Planning and Zoning has not been established.
The appeal by the plaintiff is denied.
AUSTIN, JUDGE. CT Page 1579