[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is the owner of a parcel consisting of 11.80 acres of land. The parcel is situated in an R-1 one acre residence zone except that a narrow handle-like strip, extending from the eastern portion of the parcel and abutting Rosebrook Road, is situated partly in an R-2 two acre residential zone. A preexisting dwelling is situated in the northeast corner of the parcel and enjoys access to Rosebrook Road via a legally nonconforming right-of-way transversing the lot of the intervening defendants Phillip and Viola Knapp.
In an earlier application submitted to the planning commission the plaintiff sought to subdivide this parcel into eight lots of which all but the most westerly would be legal building lots. The plaintiff proposed that four lots, the two southerly lots and two interior lots, be provided with access to Garibaldi Lane, a public road fronting the southerly boundary of the parcel. The plaintiff proposed that three other lots — the eastern, northeastern and northerly lots — have access to Rosebrook Road to the east by way of the handle-like strip extending from the eastern portion of the parcel. That subdivision application was denied by the planning commission because it inherently violated 60-4.4B of the zoning regulations. That provision states in relevant part:
 "In a Residence Zone no accessway, driveway, right-of-way or walk shall be maintained or used for access to any other property, which property is . . . located in a zone in which, CT Page 3436 under applicable regulations, there is a residential use of greater density than is permitted in the zone in which the accessway, driveway, right-of-way or walk is located."
The plaintiff did not appeal the denial of his subdivision application. Instead, the plaintiff applied to the defendant zoning board of appeals ("board") for a variance of 60-4.4B. The plaintiff's application garnered three of the five votes on the board. It nonetheless failed because General Statutes 8-7 requires the concurring votes of four members of the board in order to grant a variance. The plaintiff has appealed the denial of his application to the superior court. Earlier in these proceedings the court (Spear, J.) granted the Knapp's motion to intervene as defendants.
With certain exceptions not relevant here, General Statutes 8-8(b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court. . . ." "`Board' means a . . . zoning board of appeals. . . ." General Statutes 8-8(a)(2). In an appeal from a zoning authority, the court should make a finding of aggrievement. Baccante v. Zoning Board of Appeals, 153 Conn. 44, 45,212 A.2d 411 (1965); Fox v. Zoning Board of Appeals, 146 Conn. 665, 667,154 A.2d 520 (1959). The evidence presented and the record returned to court pursuant to General Statutes 8-8(i) establish that the plaintiff is the owner of the subject property. As the owner of the property that was the subject of the application, the plaintiff is aggrieved. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 308, 592 A.2d 953
(1991); Rogers v. Zoning Board of Appeals, 154 Conn. 484, 488,227 A.2d 91 (1967).
Where a zoning board denies a variance, "[t]he issue for the trial court upon the appeal [is] whether the board acted arbitrarily or illegally, or so unreasonably as to have abused its discretion. Piccolo v. West haven, 120 Conn. 49, 453,181 A. 615 [1935]. Whether the facts in any given case establish such an exceptional set of circumstances as to warrant the granting of a variance presents a problem for the board in the first instance to determine. Libby v. Board of Zoning Appeals,143 Conn. 46, 52, 118 A.2d 894 [1955]. The burden of overthrowing the decision of the board [is] upon the plaintiff. Murphy, Inc. v. Board of Zoning Appeals, 147 Conn. 358, 360-61, CT Page 3437161 A.2d 185 (1960); see Willard v. Zoning Board of Appeals,152 Conn. 247, 248-49, 206 A.2d 110 (1964); Archambault v. Wadlow,25 Conn. App. 375, 380, 594 A.2d 1015 (1991).
"It is elemental that a variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations." Carlson v. Zoning Board of Appeals,158 Conn. 86, 90, 255 A.2d 841 (1969). General Statutes 8-6
provides that a zoning board of appeals may ". . . vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety and convenience, welfare and property values, solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured. . . ." This provision of General Statutes 8-6 has remained unchanged since it was adopted from the Standard Zoning Enabling Act of 1925 by the General Assembly in 1930. From the language of the statute, our courts have distilled two conditions which must be satisfied before an applicant is entitled to a variance: "`(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan.'" Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368,537 A.2d 1030 (1988).
The plaintiff claims that "because of particular topographical constraints, the existence of wetlands on one-third of the subject property, its limited access to public roads, and its location in both R-1 and R-2 residential districts, the strict application of section 60-4.4(b) to the subject property creates an unusual hardship. . . ." Individually, none of these circumstances would give rise to a hardship in this case. The location of the parcel in both R-1 and R-2 districts, alone, causes no unusual hardship although it does foreclose access to Rosebrook Road to the east. The "limited access to public roads", of itself, is not a hardship since Garibaldi Lane is available and there is no requirement in the regulations that access be provided to more than one public road. However, a colorable claim of hardship is made because CT Page 3438 topographical conditions impede the construction of an access road from Garibaldi Lane south of the parcel to three proposed lots at the north, east and northeast portions of the parcel. Wetland boundaries in the northerly portion of the parcel appear to preclude alternative routes from Garibaldi Lane.
The topographical condition on which the plaintiff principally predicates his claim of hardship is the relatively steep slope between the "lower tier" of the subdivision, to which Garibaldi Lane provides access, and the "upper tier" consisting of the eastern, northeastern and northerly lots, to which the plaintiff desires Rosebrook Road to provide access. "`A hardship resulting from the peculiar topography or condition of the land or a particular location which makes the property unsuitable for the use permitted in the zone in which it lies may well be such a hardship as is contemplated by the ordinance.' Plumb v. Board of Zoning Appeals, 141 Conn. 595,601, 108 A.2d 899 (1954)." Fiorella v. Zoning Board of Appeals,144 Conn. 275, 280, 129 A.2d 619 (1957); see 3 Anderson American Law of Zoning 3d 20.56.
Recently, in Stillman v. Zoning Board of Appeals,25 Conn. App. 631, 636-37, 596 A.2d 1, cert. den., 220 Conn. 923,598 A.2d 365 (1991), our Appellate Court restated that "evidence that the property has little or no value because of the [zoning] regulations" is not necessary in order to establish a hardship Id., 636. In Stillman, the board granted a variance of coverage and side yard setback regulations in order to allow the applicant, Morgan, to build an addition onto her house. The superior court sustained the appeal of the plaintiff, an adjoining landowner. The Appellate Court reversed, agreeing with the defendants "that a hardship exists on Morgan's property because of the location of the well and the septic system, and because of the size of the lot. The placement of these improvements prevents Morgan from building an addition to her house anywhere except on the east side, which is prohibited by the setback requirement. These unique conditions make the setback regulation exceptionally burdensome and support the board's granting of the variance." Id., 636-37.
Stillman, insofar as it upheld the granting of a variance in the absence of a finding that a practical confiscation would result from the denial of a variance, did not break new ground. See Whittaker v. Zoning Board of Appeals,179 Conn. 650, 427 A.2d 1346 (1980) (variance of one acre lot size CT Page 3439 requirement granted to enable subdivision of 1.75 acre parcel into two three-quarter acre lots); Fiorilla v. Zoning Board of Appeals, supra, (variance to expand nonconforming manufacturing use in a residential zone); Goldreyer v. Board of Zoning Appeals, 144 Conn. 641, 136 A.2d 789 (1957), (variance to permit construction of fraternal club in a residential zone, but court stating "it is extremely doubtful . . . that anyone would buy the property knowing that only residential buildings . . . could be built upon it." Id., 645); Waddell v. Board of Zoning Appeals,136 Conn. 1, 68 A.2d 152 (1949) (variance of side yard requirement to build a school, a permitted use, in a residential zone). General Statutes 8-6(3) does not expressly require that the application of a zoning regulation to a parcel of property be confiscatory in order to justify a variance of the regulation. Indeed, an attempt by a zoning commission to restrict the granting of variances to situations where there otherwise would be an unconstitutional taking illegally circumscribes the function of zoning boards of appeal intended by General Statutes 8-6(3) and is invalid. Wallingford Zoning Board of Appeals v. Wallingford Planning Zoning Commission, Judicial District of New Haven, No. 297418, 2 Conn. L. Rptr. 321
(1990) (Gormley, J.), affirmed, 27 Conn. App. 297, 605 A.2d 885
(1992). Not even a zoning board of appeals itself could so circumscribe its own authority. Celentano, Inc. v. Board of Zoning Appeals, 149 Conn. 671, 677, 184 A.2d 49 (1962).
While courts have on occasion upheld the granting of a variance in the absence of a finding that denial of a variance would result in practical confiscation, courts have rarely reversed the denial of a variance without a finding that the denial resulted in a practical confiscation of property. See, e.g., Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146,365 A.2d 387 (1976). The parties here have cited no such Connecticut case, and the court's research has produced only one, Willard v. Zoning Board of Appeals, 152 Conn. 247,206 A.2d 110 (1964). In Willard, the board denied a variance to use property in a residential zone for offices and parking. The trial court dismissed the appeal. In reversing, the supreme court observed that, of the eleven other buildings on the block, all but one were devoted to nonresidential uses, by virtue of their nonconforming use status or by variance. Also, the court observed that "[t]he plaintiff claimed that the property was unattractive for residential purposes and that she had sought unsuccessfully for one and a half years to secure a tenant." (Emphasis added.) Id., 248. However, no finding as to this CT Page 3440 claim was made. Finally, the court observed that the only opposition to plaintiff's application was a letter written by an adjoining landowner.
In a two paragraph opinion the court, with spartan analysis, concluded that "the record of the board is barren of any justification for this denial, which seems to inflict unnecessary hardship on the plaintiff and benefits no one else. There is nothing in the record, considering the uses of neighboring property, which would be contrary to the general comprehensive plan." Id., 249. Suffice it to say that the viability of Willard is at best questionable in light of Ward v. Zoning Board of Appeals, 153 Conn. 141, 215 A.2d 104 (1965), which held that the fact that a property is situated in an area of a residential zone dominated by nonresidential uses does not warrant a variance. Accord, Green v. Zoning Board of Appeals,4 Conn. App. 500, 495 A.2d 290 (1985); Grillo v. Zoning Board of Appeals, 4 Conn. App. 205, 209, 493 A.2d 275 (1985); Tondro, Connecticut Land Use Regulation (2d Ed.), pp. 128-129.
A zoning board "has wide discretion to grant variances." Burlington v. Jencik, 168 Conn. 506, 509,362 A.2d 1338 (1975). Once it is recognized that such a board has discretion to grant a variance without evidence that application of the zoning regulations to the subject property is confiscatory, then the denial of a variance in such circumstances must be afforded meaningful judicial review to determine whether that discretion has been abused. "In light of the existence of a statutory right of appeal from the decisions of local zoning authorities . . . a court cannot take the view in every case that the discretion exercised by the local zoning authority must not be disturbed, for if it did the right of appeal would be empty." Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 57, 549 A.2d 1076 (1988).
The two members of the board who voted against the plaintiff's application did not formally adopt reasons for their votes. In such circumstances the court, in examining its review of the board's decision, must assume that the board found against the plaintiff as to both requirements for the granting of a variance, in the absence of a contrary indication in the record. Cf. Protect Hamden/North Haven from Excessive Traffic 
Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527,544-546, 600 A.2d 757 (1991) and cases cited therein. CT Page 3441
The first condition is that the application of the zoning regulations to the plaintiff's property "result[s] in exceptional difficulty or unusual hardship. . . ." General Statutes 8-6(3). Despite the statute's use of the disjunctive "or", it is clear that "the phrase is [to be] construed as a whole." Devaney v. Board of Zoning Appeals, 132 Conn. 537, 541,45 A.2d 828 (1946). Settled case law has construed this requirement to mean that "adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purposes of the zoning plan." (Internal quotation marks omitted.) Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368, 557 A.2d 1030
(1980). However, there is no mechanical test for determining what is or is not a hardship. "Hardship is not defined in the statute, and its meaning is one of the more frequently litigated issues in zoning law." Tondro, T., Connecticut Land Use Regulation (2d Ed.), 3.0.2, page 132; Smith v. Zoning Board of Appeals, 174 Conn. 323, 327, 387 A.2d 542 (1978). However, that frequent litigation has produced some broad principles.[1] "It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the property owner." Smith v. Zoning Board of Appeals, supra. "The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved." Whittaker v. Zoning Board of Appeals, supra, 658. "`Ordinarily, mere financial loss does not constitute a hardship warranting a variance.'" Krejpcio v. Zoning Board of Appeals, 152 Conn. 657, 662,211 A.2d 687 (1965). Rather, where a zoning regulation does not result in practical confiscation, it must at least "`greatly decrease the value of a specific piece of property. . . .'" Bradley v. Zoning Board of Appeals, 165 Conn. 389, 352,334 A.2d 914 (1973), quoting Culinary Institute of America, Inc. v. Board of Zoning Appeals, 143 Conn. 257, 121 A.2d 637 (1956). Also, "[d]isappointment in the use of property does not constitute exceptional difficulty or unusual hardship," in and of itself. Krejpcio v. Zoning Board of Appeals, supra. Appellate courts have consistently cautioned that "[t]he power to authorize such a variation is only granted for relief in specific and exceptional instances, and is to be sparingly exercised." DeFelice v. Zoning Board of Appeals, 130 Conn. 156, 164,32 A.2d 635 (1943). "Satisfaction of the requirement that the CT Page 3442 circumstances which result in unnecessary hardship be peculiar to the applicant's property is most clearly established where the hardship relates to the physical characteristics of the land. Where, for example, peculiarities of size, shape, grade of the parcel in question are unique and if the hardship relates to these, the requirement of unique circumstances is met." (Emphasis added.) 3 Anderson, American Law of Zoning 3d 20.36, p. 478; Fiorilla v. Zoning Board of Appeals, supra, 279-280; Plumb v. Board of Zoning Appeals, 141 Conn. 595, 601,108 A.2d 899 (1954).
Here the plaintiff claims that access to the three northern, eastern and northeastern lots via Garibaldi Lane to the south is extremely difficult because of the topography of the parcel, specifically, the sharp elevation of 100 feet between the southern portion and the northern portion. The plaintiff presented testimony from a "landscape architect" that providing such access would require the plaintiff to construct retaining walls as high as sixteen feet in some places and also would require 9,000 cubic yards of fill. This witness also related that such a plan would pose environmental concerns and drainage problems.
The defendants Knapp presented testimony from a witness who was identified as "a planner." He testified that access from Garibaldi Lane was feasible and could be accomplished by two accessways from Garibaldi that would require fewer linear feet of retaining walls and less total pavement. This plan, the Knapp's witness opined, would be less expensive and would reduce drainage problems.
The credibility of witnesses and the determination of factual issues are matters within the province of the zoning board of appeals. Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47,49, 484 A.2d 483 (1984). The board members who voted to deny the plaintiff's application could reasonably have found that access to six of the proposed lots via Garibaldi Lane was feasible, although retaining walls in some areas would be necessary.[2] Indeed, the record affirmatively reflects that at least one member of the board was not convinced that providing access via Garibaldi Lane to the six unimproved proposed lots was not feasible.
 MR. EVANS: I came here prepared that if I was convinced that this was the only way CT Page 3443 they could develop the property. But, after hearing both sides I am not convinced. I am not convinced at all that it can't be done. . . .
 UNIDENTIFIED BOARD MEMBER: All we are saying is in a doubtful situation we are not going to violate the town regulations when there doesn't appear any valid hardship.
Secondly, even if the plaintiff's worst case scenario for accessing all of the lots from Garibaldi Lane or the Knapp's suggestion for accessing six of the lots from Garibaldi Lane is considered, there was no evidence of what the additional cost would be as compared with the plaintiff's plan for paving the horizontal strip extending from Rosebrook Road. Thus, the board could have found that this additional cost was speculative and not so onerous as to amount to an exceptional difficulty or undue hardship. "The plaintiff's unsupported claim" to the contrary is not a substitute for proof within the record and "is inadequate to establish hardship peculiarly oppressive to h[is] property." Carini v. Zoning Board of Appeals, 164 Conn. 169,172, 319 A.2d 390 (1972), 414 U.S. 831, 94 S.Ct. 64,38 L.Ed.2d 66 (1973), reh. denied, 414 U.S. 1087, 94 S.Ct. 610,38 L.Ed.2d 494 (1973); cf. Spalding v. Board of Zoning Appeals, 144 Conn. 719,721-22, 137 A.2d 755 (1957).
The plaintiff still would be able to develop four lots, since the northeasterly lot on which an improvement exists enjoys a legally nonconforming right-of-way through the Knapp's property to Rosebrook Road. The plaintiff's representative testified before the board "that there is no hardship for development" but, rather, "a hardship having to do with excess area." He also testified that the entire parcel, including that portion already improved, was assessed for approximately $885,000.00. There was no testimony as to the fair market value of the three lots with unimpeded access to Garibaldi Lane plus the fair market value of the one lot with nonconforming use access to Rosebrook Road. Thus, "no showing has been made of a financial loss to the plaintiff so great as practically to destroy or greatly decrease the value of the plaintiff's premises"; Carini v. Zoning Board of Appeals, supra, 173; or even that investment backed expectations of development have been frustrated. Cf. Nollan v. California, 483 U.S. 825,107 S.Ct. 3141, 97 L.Ed.2d 677 (1987). "Rarely is it enough that the CT Page 3444 owner can obtain a better income if the variance is granted. Talmadge v. Board of Zoning Appeals, 141 Conn. 639, 643,109 A.2d 253 [1954]. Ordinarily, mere financial loss does not constitute a hardship warranting the granting of a variance." (Emphasis added.) Baccante v. Zoning Board of Appeals,153 Conn. 44, 47, 212 A.2d 411 (1965). That the court in Whittaker v. Zoning Board of Appeals, supra, upheld the granting of a variance permitting the division of a 1.79 acre parcel to be subdivided into two three-quarter acre parcels in a one acre zone does not compel the conclusion that the board in this case, and on this record, abused its discretion in denying a variance of a regulation prohibiting access from a zone of lesser density, which denial might reduce from six to four the number of buildable lots which may be subdivided out of the parcel. In Whittaker, the hardship was created by a condition of prior subdivision approval in which the planning commission required that a subdivision street be extended through the 1.79 acre parcel, bisecting it. Id., 658-661; see Barber v. City of New Haven Zoning Board of Appeals, 1 C.S.C.R. 593-594 (1986).
Finally, since the requested variance would have resulted in three lots using an accessway located in a zone having less density than the zone in which the lots are situated, in violation of 60-4.4B, the board could reasonably find that the variance would substantially affect the comprehensive zoning plan. See Hurlburt v. Zoning Board of Appeals, 158 Conn. 187, 193-194, 257 A.2d 810 (1969); Rogers v. Zoning Board of Appeals, 154 Conn. 484, 487-88, 227 A.2d 91
(1967); Thayer v. Board of Zoning Appeals, 114 Conn. 15, 24,157 A. 273 (1931); Hill v. Glastonbury Zoning Board of Appeals, Judicial District of Hartford-New Britain, No. 306081, C.S.C.R. 320 (1986); compare Fiorilla v. Zoning Board of Appeals, supra, 280-281. "The comprehensive plan is to be found in the scheme of the zoning regulations themselves as well as in the maps and plans, if there be any, filed pursuant to General Statutes 8-25, 8-29." Whitaker v. Zoning Board of Appeals, supra, 656. "This would he a rather substantial variance." Rogers v. Zoning Board of Appeals, supra, 487.
It was the plaintiff's burden to prove both of the conditions necessary for the board to grant her a discretionary variance. Bogue v. Zoning Board of Appeals, 165 Conn. 749, 754,345 A.2d 9 (1974); Dolan v. Zoning Board of Appeals, 156 Conn. 425,430, 242 A.2d 713 (1968); Cohen v. Board of Appeals on Zoning, 139 Conn. 450, 455, 94 A.2d 793 (1953). The board did CT Page 3445 not abuse its discretion by finding that the plaintiff proved neither.[3]
The appeal is dismissed.
BRUCE L. LEVIN, JUDGE