ANTHONY R. MARTIN *v.* LIBERTY BANK ET AL.
(AC 16035)

O'Connell, C. J., and Landau and Hennessy, Js.

Argued June 3—officially released September 2, 1997

---

*William S. Palmieri*, with whom, on the brief, was *John R. Williams*, for the appellant (plaintiff).

*James Stedronsky*, for the appellees (defendants).

### Opinion

PER CURIAM. The plaintiff, Anthony R. Martin, appeals from the trial court's order permanently enjoining him from, inter alia, representing himself in any manner, other than testifying as a witness or submitting affidavits, during the course of any action in which leave to file is granted and from intervening, appearing or participating in any capacity, without leave to do so, in any future action pending in the Superior Court. On appeal, the plaintiff claims that the trial court improperly (1) violated his right of access to the courts and freedom of speech as guaranteed by the first and fourteenth amendments to the United States constitution and article first, §§ 4, 5, 10 and 14, of the Connecticut constitution, (2) prohibited him from representing himself pro se in any litigation that the court had permitted him to institute and violated his right of self-representation guaranteed by the first and fourteenth amendments to the United States constitution and article first, §§ 4, 5, 10 and 14, of the Connecticut constitution, and (3) issued a permanent injunction. We reverse the judgment of the trial court.

The plaintiff brought the underlying action to foreclose a mortgage. During a recess in the foreclosure

trial, the plaintiff, responding to an admonition by his counsel that he was not to speak to the defendants' counsel until after the case was over, stated, "[W]e'll take care of [the defendants' counsel]." Following the recess, the defendants applied to the trial court, *Gordon, J.*, for an injunction restraining the plaintiff from filing any further actions against the defendants, their counsel or witnesses in the case. The defendants' application was apparently made on the basis of their counsel's previous experience with the plaintiff. The law firm of the defendants' counsel, Levy and Droney, had previously been sued by the plaintiff in Florida, because of its role in the underlying foreclosure case, and the defendants' counsel had knowledge of the plaintiff's history of elaborate litigation.[1] The trial court referred the motion to Judge Richard J. Stanley, the administrative judge of the Middlesex judicial district, who heard the motion the next morning.

Even after a careful reading of the transcript and record, it is difficult to characterize the proceeding on the application before the court as to both procedure and substance. In what was a demanding and trying hearing, the court heard representations of counsel for the plaintiff and the defendants and statements from the plaintiff. No testimony or evidence was offered. Subsequently, the court, on the basis of the pleadings, ordered a permanent injunction.

The defendants maintain that the plaintiff's courtroom actions, including his continuing disruption of the proceedings, his derogatory references to the federal judiciary and his statements to the court that it "was playing games with the law" and "conducting a kangaroo court" were sufficient to support the court's ruling. If this were a summary criminal contempt proceeding,

---

[1] The plaintiff's history of litigation has been well documented. See, e.g., *In re Martin-Trigona*, 737 F.2d 1254, 1256–57, 1270–74 (2d Cir. 1984).

the defendants would be correct. See *Mayberry* v. *Pennsylvania*, 400 U.S. 455, 462–63, 91 S. Ct. 499, 27 L. Ed. 2d 532 (1971); *Whiteside* v. *State*, 148 Conn. 77, 78, 167 A.2d 450 (1961). The proceeding before the court, however, concerned an injunction and not a summary criminal contempt.

The plaintiff states in his brief that no evidence was proffered in support of the application for an injunction and the court improperly relied on the representations of counsel only. As a threshold issue, we must therefore determine whether any evidence was proffered by any party from which the court could have made its findings.[2] We note that representations of counsel are not evidence and are certainly not proof. See *Celentano* v. *Zoning Board of Appeals*, 135 Conn. 16, 18, 60 A.2d 510 (1948). "Fairly stated, evidence legally is the means by which alleged matters of fact are properly submitted to the trier of fact for the purpose of proving a fact in issue. On the other hand, proof is the result or the effect of such evidence. Moreover, these representations were not testimony, which, in turn, when given under oath or stipulated to, is a species of evidence. It is well settled that representations of counsel are not, legally

---

[2] This issue was not raised before Judge Stanley, nor was it argued or briefed by the parties on appeal. Generally, we will not afford review of such an issue. See *Lynch* v. *Granby Holdings, Inc.*, 230 Conn. 95, 99, 644 A.2d 325 (1994). In *Lynch* v. *Granby Holdings, Inc.*, supra, 99, the Supreme Court reversed a decision of this court because we "addressed [an] issue sua sponte rather than at the behest of one of the parties, thereby depriving the parties of an opportunity to brief the issue." We can review a claim, however, when it rises to the level of plain error. " 'Plain error is reserved for extraordinary circumstances and situations in which the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings.' " *Barrese* v. *DeFillippo*, 45 Conn. App. 102, 105, 694 A.2d 797 (1997). Here, plain error review is appropriate because the error is apparent on the face of the record, or lack of a record, as in this case, and permitting the parties to brief the issue is unnecessary. See *Leary* v. *Citizens & Manufacturers National Bank*, 128 Conn. 475, 479, 23 A.2d 863 (1942); *Riggs* v. *Zaleski*, 44 Conn. 120, 121 (1876). We therefore address this issue.

speaking, evidence. See, e.g., *Curtis* v. *Rives*, 123 F.2d 936, 941 (D.C. Cir. 1941); *Dunn* v. *Stewart*, 235 F. Sup. 955, 964 (S.D. Miss. 1964); *Celentano* v. *Zoning Board of Appeals*, supra [18]; *American National Bank & Trust Co.* v. *Long*, 281 Ala. 654, 656, 207 So. 2d 129 (1968); *Sloan* v. *Sloan*, 393 So. 2d 642, 644 (Fla. App. 1981); *Davis* v. *Independence*, 404 S.W.2d 718, 720 (Mo. 1966); *Wilson* v. *Motors Ins. Corporation*, 349 S.W.2d 250, 254 (Mo. App. 1961) (statements of unsworn attorney do not prove themselves or constitute evidence); *O'Hearn* v. *O'Hearn*, 55 App. Div. 2d 766, 767, 389 N.Y.S.2d 651 (1976)." (Internal quotation marks omitted.) *Cologne* v. *Westfarms Associates*, 197 Conn. 141, 153–54, 496 A.2d 476 (1985).

Our review of the record reveals that no evidence was offered by the parties in support of the application for an injunction. The trial court seemingly decided a motion for summary criminal contempt rather than an application for an injunction. Because no evidence was adduced that was sufficient to support the trial court's granting of the injunction, the injunction was improperly granted.[3]

The judgment is reversed and the case is remanded for further proceedings in accordance with the law.

---

[3] As a result of the foregoing, we need not address the plaintiff's claims.