******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KIM HINDE *v.* SPECIALIZED EDUCATION OF
CONNECTICUT, INC.
(AC 35265)

Lavine, Robinson and Alvord, Js.*

*Argued October 9, 2013—officially released January 28, 2014*

(Appeal from Superior Court, judicial district of New
Haven at Meriden, J. Fischer, J.)

*Katrena Engstrom*, with whom, on the brief, was
*John R. Williams*, for the appellant (plaintiff).

*Sandra Rachel Stanfield*, for the appellee
(defendant).

*Opinion*

ROBINSON, J. The plaintiff, Kim Hinde, appeals from the trial court's judgment dismissing her action for failure to exhaust her administrative remedies against the defendant, Specialized Education of Connecticut, Inc., before filing her employment discrimination action directly with the Superior Court. The plaintiff claims that the court erred by (1) misinterpreting a prior order dismissing her original complaint, (2) failing to make findings as to her arguments of estoppel and alter ego, and (3) concluding that she failed to exhaust her administrative remedies with respect to both her cause of action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), and the Connecticut Fair Employment Practices Act, General Statutes § 46a-51 et seq. (CFEPA). We affirm the trial court's judgment of dismissal.

The record reveals the following facts and procedural history necessary to our resolution of the plaintiff's appeal. The plaintiff, a teaching assistant at High Road School in Wallingford, filed a complaint and charge of discrimination with the Commission on Human Rights and Opportunities (commission) against Specialized Education Services, Inc. (SESI), in March, 2011, alleging that, because of her gender, she had been sexually harassed and subjected to a hostile work environment. After a mandatory mediation conference between the plaintiff and SESI, the plaintiff received a release of jurisdiction in December, 2011, to file an action against SESI in the Superior Court.

On February 24, 2012, the plaintiff filed her original complaint (February, 2012 complaint) in the New Haven Superior Court. When filing that complaint, the plaintiff listed "Specialized Student Education Services, Inc.," as the defendant on the summons and caption of the complaint, but named "Specialized Education of Connecticut ('SESI')" as the defendant in the body of the complaint.[1] The plaintiff referred to the defendant as SESI throughout the entire complaint and served SESI with the complaint and summons.[2]

On April 12, 2012, the plaintiff filed a motion to correct the caption, requesting that the caption list "Specialized Education of Connecticut, Inc.," as the defendant. The defendant filed an objection to the motion to correct the caption, stating that it was not proper to substitute an entity that had not been served properly. The court, *Silbert, J.*, denied the plaintiff's motion.

SESI then filed a motion to dismiss, claiming lack of personal jurisdiction. It argued that there was no personal jurisdiction for the court to hear the case because the plaintiff was not an employee of SESI, but rather an employee of the defendant, which was a distinct and separate entity, and was not named as a

defendant in the February, 2012 complaint. SESI supported its motion with an affidavit from Nancy Kelly, Director of Human Resources for SESI, who averred that the defendant and SESI were separate, independent entities, and that, at all times pertinent to the complaint, the plaintiff was not an employee of SESI.

The plaintiff filed an objection to the motion to dismiss, arguing that SESI was the parent corporation of the defendant, and that SESI had represented itself to the plaintiff as her employer. Accordingly, the plaintiff argued that SESI had waived the issue of personal jurisdiction, or, alternatively, that SESI should be estopped from claiming that it was not the plaintiff's employer.[3] The plaintiff supported her objection with administrative paperwork she had in her possession bearing SESI's logo.[4]

After a hearing held on May 21, 2012, the court, *Frechette, J.*, rejected SESI's claim of lack of personal jurisdiction, reasoning that SESI should have brought its motion to dismiss under a claim of lack of subject matter jurisdiction. Accordingly, the court ordered supplemental briefing on this issue. The court also ordered supplemental briefing on how the plaintiff's arguments of waiver and estoppel would apply to a motion to dismiss grounded in lack of subject matter jurisdiction. SESI filed a supplemental brief and affidavit in support of its motion to dismiss addressing those issues. An affidavit from Brooke Violante, the defendant's Chief School Director, was attached thereto, attesting that the defendant and SESI were separate entities, and that the plaintiff was an employee of the defendant for all times relevant to the plaintiff's complaint. The plaintiff did not file a supplemental brief, and neither party requested an evidentiary hearing.[5] The court granted the motion to dismiss on September 24, 2012, after finding that "Specialized Student Education Services, Inc.,"[6] presented "uncontroverted evidence via affidavit that it was not the employer of the plaintiff." The plaintiff did not appeal from that order, and neither party moved for an articulation.[7]

On October 11, 2012, the plaintiff filed the present action against the defendant in the Meriden Superior Court.[8] The defendant then filed a motion to dismiss claiming that, pursuant to CFEPA and Title VII, the plaintiff failed to exhaust her administrative remedies against the defendant prior to filing the action in the Superior Court. The plaintiff filed an opposition to the motion to dismiss to which the defendant replied. The plaintiff argued that the exhaustion requirement should be set aside by the court under the doctrines of waiver and estoppel because SESI was the alter ego of the defendant, and, therefore, the defendant was aware of, and had participated in, the proceedings before the commission. The matter was heard on short calendar on December 10, 2012. Again, neither party requested

an evidentiary hearing. In its December 12, 2012 memorandum of decision, the court, *J. Fischer, J.*, noted that there already was a judicial determination by Judge Frechette that SESI was not the plaintiff's employer, and that the defendant and SESI were separate entities. Accordingly, the court concluded that the plaintiff failed to exhaust her administrative remedies as to the defendant and dismissed the plaintiff's action. This appeal followed.

We begin by setting forth our standard of review. "In an appeal from the granting of a motion to dismiss on the ground of subject matter jurisdiction, this court's review is plenary. A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Chayoon* v. *Sherlock*, 89 Conn. App. 821, 825–26, 877 A.2d 4, cert. denied, 276 Conn. 913, 888 A.2d 83 (2005), cert. denied, 547 U.S. 1138, 126 S. Ct. 2042, 164 L. Ed. 2d 797 (2006).

I

The plaintiff claims that the court erred in its interpretation of Judge Frechette's order granting SESI's motion to dismiss the February, 2012 complaint. The plaintiff argues that Judge Frechette dismissed the claims against Specialized Student Education Services, Inc., not SESI, and that Judge Frechette did so because no such corporation existed, and because the plaintiff's counsel acknowledged that listing Specialized Student Education Services, Inc., as the defendant was a misnomer. Additionally, the plaintiff contends that the court erred in concluding that Judge Frechette had found the defendant and SESI to be separate entities. We do not agree.

"Because [t]he construction of a judgment is a question of law for the court . . . our review of the . . . claim is plenary. As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment. . . . The interpretation of a judgment may involve the circumstances surrounding the making of the judgment. . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The judgment should admit of a consistent construction as a whole." (Citation omitted; internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 91–92, 952 A.2d 1 (2008).

Judge Frechette specifically found that "Specialized Student Education Services, Inc., has submitted uncontroverted evidence via affidavit that it was not the employer of the plaintiff. (See affidavit of Nancy Kelly,

attached to [the] motion to dismiss.) The plaintiff did not dispute at oral argument that she sued the incorrect entity, and that [it] was not her employer." The plaintiff argues that this is a finding that Specialized Student Education Services, Inc.—an entity that the plaintiff concedes does not exist—is not the plaintiff's employer, and therefore, that it is an order dismissing the plaintiff's February, 2012 complaint against Specialized Student Education Services, Inc. Additionally, the plaintiff argues that there is no finding by Judge Frechette in his order that SESI and the defendant are separate and independent entities. The defendant argues that this is a finding that SESI—the party that the plaintiff actually served, that appeared in court and that submitted affidavits—is not the plaintiff's employer, and therefore, that it is an order dismissing the plaintiff's complaint against SESI. The defendant also argues that it is implicit in Judge Frechette's finding that he rejected the plaintiff's claim that SESI was the alter ego of the defendant, and therefore, that it is a finding that SESI and the defendant are separate and independent entities. Although Judge Frechette's order did not explicitly dismiss the complaint against SESI or find that the defendant and SESI are two separate entities, the record supports this conclusion.

We first address the plaintiff's argument that Judge Frechette's order finds that Specialized Student Education Services, Inc., was not the plaintiff's employer. At the September 24, 2012, hearing, Judge Frechette acknowledged that Specialized Student Education Services, Inc., was a misnomer on the summons for SESI.[9] Additionally, the record reveals that SESI was the entity that was served by the plaintiff, that responded to the complaint, that appeared in court and that submitted an affidavit by Kelly. Thus, Judge Frechette's reference to the filing of Kelly's affidavit in the order supports the conclusion that his finding pertained to SESI as it was SESI that submitted evidence via affidavit to the court. We therefore construe Judge Frechette's reference in his order to Specialized Student Education Services Inc., as referring to SESI, and, accordingly, a finding that SESI is not the plaintiff's employer.

As for the plaintiff's argument that the order does not find that the defendant and SESI are separate entities, the record does not support this interpretation. The plaintiff originally argued the theory of alter ego in her objection to SESI's motion to dismiss, in which she contended that SESI was the parent corporation of the defendant, and, therefore, that SESI should be held liable as the plaintiff's employer. Judge Frechette asked for supplemental briefing on this issue, and heard oral argument from both parties as to whether the defendant and SESI were an integrated enterprise or two separate and distinct entities. SESI submitted affidavits from Kelly and Violante attesting that the entities were separate and distinct, and that the plaintiff was an employee

of the defendant only. The plaintiff submitted no affidavits or testimony to refute these affidavits. In light of these circumstances and Judge Frechette's finding that SESI is not the plaintiff's employer, we necessarily must construe Judge Frechette's order as implicitly rejecting the plaintiff's claim that SESI is the alter ego of the defendant. It would be illogical for Judge Frechette to determine that SESI was not the plaintiff's employer had he found that SESI and the defendant were an integrated enterprise. We therefore conclude that the court did not err in its interpretation of Judge Frechette's order.

## II

The plaintiff also claims that the court erred in not making findings as to her arguments of estoppel and alter ego. The plaintiff contends that the defendant should be estopped from claiming that she did not properly fulfill the exhaustion requirement prior to filing her employment discrimination action because the defendant allowed SESI to hold itself out as the plaintiff's employer and Violante, an employee of the defendant, allegedly participated in the proceedings before the commission against SESI. The plaintiff further contends that the exhaustion requirement should be waived with regard to the defendant because SESI is the alter ego of the defendant and the court's refusal to address this issue because it was not pleaded in the plaintiff's complaint was error. We are not persuaded.

"A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff *cannot* as a matter of law and fact state a cause of action that should be heard by the court. . . . A court deciding a motion to dismiss must determine not the merits of the claim or even its legal sufficiency, but rather, whether the claim is one that the court has jurisdiction to hear and decide. . . . Our Supreme Court has determined that when ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, *on the face of the record*, the court is without jurisdiction." (Citations omitted; emphasis altered; internal quotation marks omitted.) *Bailey* v. *Medical Examining Board for State Employee Disability Retirement*, 75 Conn. App. 215, 219, 815 A.2d 281 (2003). "Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Footnote omitted.) *Barde* v. *Board of Trustees*, 207 Conn. 59, 62, 539 A.2d 1000 (1988).

Our review of the plaintiff's complaint reveals that the

plaintiff failed to allege any facts sufficient to support an allegation of estoppel or alter ego. Additionally, the plaintiff failed to supplement the record with supporting affidavits as to facts not apparent on the record, or to request an evidentiary hearing in which the plaintiff could have presented testimony on these two claims. See Practice Book § 10-31 (b) ("[a]ny adverse party who objects to [a motion to dismiss] shall . . . where appropriate, [file and serve] supporting affidavits as to facts not apparent on the record"); see also footnote 5 of this opinion. The only thing presented by the plaintiff to support her arguments of estoppel and alter ego was her counsel's assertions and argument at the hearing on the motion to dismiss. It is well established that representations of counsel are not evidence. See *Martin* v. *Liberty Bank*, 46 Conn. App. 559, 562, 699 A.2d 305 (1997). Therefore, on the basis of the allegations on the face of the complaint taken in the light most favorable to the plaintiff, there exists no foundation on which the plaintiff could support her arguments of estoppel and alter ego. Accordingly, we conclude that the court did not err in failing to make express findings as to these arguments when determining whether to dismiss the plaintiff's action for lack of subject matter jurisdiction.

III

We now turn our attention to the plaintiff's claim that the court erred by concluding that the plaintiff had failed to exhaust her administrative remedies. The plaintiff argues that her failure to obtain a notice of right to sue letter is not a jurisdictional bar to a civil action, but a precondition to filing that can be, and should have been, waived by the trial court. To support her argument, the plaintiff relies on federal case law that has held that fulfilling procedural requirements, such as timely filing a complaint in the appropriate administrative agency, or receiving a right to sue letter, are preconditions to bringing a Title VII claim in federal court, rather than a jurisdictional requirement, and as such, these conditions can be waived. The plaintiff argues that, under this jurisprudence, the court erred in dismissing her Title VII cause of action for failure to exhaust her administrative remedies. Further, the plaintiff argues that the federal jurisprudence should apply to her claim under CFEPA, and, accordingly, she argues that the court erred in dismissing her state cause of action for failing to exhaust her administrative remedies. We do not agree.

The following facts and procedural history are relevant to the resolution of this claim. In March, 2011, the plaintiff filed a charge of discrimination with the commission against SESI, along with a complaint alleging sexual harassment and gender discrimination. In December, 2011, the plaintiff received a release of jurisdiction from the commission granting the plaintiff permission to file an action against SESI in the Superior

Court. The plaintiff commenced the February, 2012 action alleging in count one of her complaint that SESI violated CFEPA and in count two of her complaint that it violated Title VII. After a finding by the court that SESI was not the plaintiff's employer, the court dismissed the action against SESI. The plaintiff then filed identical claims against the defendant in the Superior Court.

A

We first address the plaintiff's claim that the court erred in dismissing her Title VII cause of action for failure to exhaust her administrative remedies. The United States Supreme Court has held that "filing a timely charge of discrimination with the [Equal Employment Opportunity Commission] is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes* v. *Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982). The Supreme Court reasoned that the legislature listed the filing requirement in a separate section of Title VII than the section that grants jurisdiction to the federal district courts. Id., 393–94. Furthermore, the Supreme Court reasoned that "[b]y holding compliance with the filing period to be not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires, we honor the remedial purpose of the legislation as a whole without negating the particular purpose of the filing requirement, to give prompt notice to the employer." Id., 398.

Since the Supreme Court's holding in *Zipes*, some federal circuit courts have held that "all Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than as jurisdictional requirements"; *Fouche* v. *Jekyll Island-State Park Authority*, 713 F.2d 1518, 1525 (11th Cir. 1983); while other federal circuit courts have taken a piecemeal approach to extending the holding in *Zipes* to other procedural requirements. See *Rivers* v. *Board of Education*, 143 F.3d 1029, 1031 (6th Cir. 1998). When presented with the issue of extending the *Zipes* holding to the right to sue letter requirement, every federal circuit court has decided that that procedural requirement is a precondition subject to equitable tolling, estoppel and waiver. See, e.g., *Pietras* v. *Board of Fire Commissioners*, 180 F.3d 468, 473–74 (2d Cir. 1999); *Forehand* v. *Florida State Hospital*, 89 F.3d 1562, 1567–69 (11th Cir. 1996); *McKinnon* v. *Kwong Wah Restaurant*, 83 F.3d 498, 505 (1st Cir. 1996); *Puckett* v. *Tennessee Eastman Co.*, 889 F.2d 1481, 1487 (6th Cir. 1989); *Gooding v. Warner–Lambert Co.*, 744 F.2d 354, 358 (3d Cir. 1984).

The plaintiff contends that the court should have waived the preconditions of timely filing a charge of discrimination and obtaining a right to sue letter against

the defendant because the defendant should have been estopped from claiming that it did not have notice of the administrative proceedings. The plaintiff argues that because employees of the defendant allegedly appeared at the hearing before the commission against SESI and because SESI is the alter ego of the defendant, the defendant had sufficient notice of the proceedings. The plaintiff failed to seek an articulation of the court's judgment; however, we necessarily must conclude that it is implicit in the court's finding that the plaintiff failed to exhaust her administrative remedies that the court rejected the plaintiff's arguments of estoppel and alter ego. As discussed in part II of this opinion, the plaintiff failed to allege any facts sufficient to support an allegation of estoppel or alter ego. On the basis of the limited record before us, we conclude that the court did not err in its determination that the plaintiff failed to exhaust her administrative remedies with respect to her Title VII claim.

## B

We next consider the plaintiff's claim that the court erred in dismissing her claim under CFEPA after finding that she failed to exhaust her administrative remedies. Although the plaintiff is correct that Connecticut courts turn to federal precedent for guidance in construing our antidiscrimination statutes; *Levy* v. *Commission on Human Rights & Opportunities*, 236 Conn. 96, 103, 671 A.2d 349 (1996); we are not bound to automatically adopt federal precedent, and the law regarding exhausting administrative remedies with respect to CFEPA has been well settled in the wake of *Zipes*. "The provisions of . . . CFEPA that prohibit discriminatory employment practices . . . must be read in conjunction with the act's provisions for the filing of complaints concerning alleged discriminatory practices with the [commission]." (Citations omitted.) *Sullivan* v. *Board of Police Commissioners*, 196 Conn. 208, 215, 491 A.2d 1096 (1985). General Statutes § 46a-83 (b) provides in relevant part: "Within ninety days of the filing of the respondent's answer to the complaint, the [commission's] executive director or the executive director's designee shall conduct a merit assessment review. The merit assessment review shall include the complaint, the respondent's answer and the responses to the commission's requests for information, if any, and the complainant's comments, if any, to the respondent's answer and information responses . . . ." "After finding that there is reasonable cause to believe that a discriminatory practice has been or is being committed as alleged in the complaint, an investigator shall attempt to eliminate the practice complained of by conference, conciliation and persuasion within fifty days of the finding." General Statutes § 46a-83 (g). If the investigator fails to eliminate a discriminatory practice, the investigator must certify the complaint, hold a hearing on the matter, and order appropriate relief. General Statutes §§ 46a-

84 and 46a-86. Thereafter, any party aggrieved by a final order of the commission may appeal to the Superior Court. General Statutes §§ 46a-94a (a) and 4-183.

If a party has filed a timely complaint with the commission and has obtained a release of jurisdiction, General Statutes § 46a-100 allows that party to file an action directly with the Superior Court without a ruling from the commission. General Statutes § 46a-101 (a), however, mandates that "[n]o action may be brought in accordance with section 46a-100 unless the complainant has received a release from the commission . . . ."

"Read in its entirety . . . CFEPA not only defines important rights designed to rid the workplace of discrimination, but also vests first-order administrative oversight and enforcement of these rights in the commission. It is the commission that is charged by the act with initial responsibility for the investigation and adjudication of claims of employment discrimination. That the act does not provide an unconditional private right of action for claimants like the plaintiff is underscored by the terms of General Statutes § 46a-99, which expressly provides such a direct right of action when the allegedly discriminatory employer is a state agency." *Sullivan* v. *Board of Police Commissioners*, supra, 196 Conn. 216. "Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Internal quotation marks omitted.) *D'Eramo* v. *Smith*, 273 Conn. 610, 616, 872 A.2d 408 (2005).

Because the court properly interpreted Judge Frechette's order as a finding that the defendant and SESI are separate and distinct entities, under current Connecticut precedent, it was proper for the court to conclude that the plaintiff failed to exhaust her administrative remedies as to the defendant. The court's conclusion was proper because the plaintiff did not commence an action against the defendant with the commission, nor did the plaintiff receive a release from the commission to sue the defendant. The plaintiff had administrative remedies available to her that could have afforded her meaningful relief under the federal and state statutes that govern her claim of gender discrimination. Her failure to bring her complaint against the defendant to the commission foreclosed her access to judicial relief because it deprived the trial court of jurisdiction to hear her complaint.

The plaintiff argues that we should adopt the federal rule discussed in part III A of this opinion and apply it to CFEPA, thereby holding that the failure to obtain a right to sue letter is a precondition that may be waived by the court upon proper compelling circumstances

instead of a jurisdictional requirement. Because our Supreme Court has determined that a plaintiff who "fail[s] to follow the administrative route that the legislature has prescribed for [her] claim of discrimination . . . lacks the statutory authority to pursue that claim in the Superior Court"; *Sullivan* v. *Board of Police Commissioners*, supra 196 Conn. 216; both the trial court and this court are bound by its decision. See *Martin* v. *Plainville*, 40 Conn. App. 179, 182, 669 A.2d 1241 (1996) (Appellate Court, as intermediate court, prevented from "reexamining or reevaluating Supreme Court precedent"), aff'd, 240 Conn. 105, 689 A.2d 1125 (1997); *Lash* v. *Aetna Casualty & Surety Co.*, 36 Conn. App. 623, 624, 652 A.2d 526 (1995) (Appellate Court "bound by Supreme Court precedent"), aff'd, 236 Conn. 318, 673 A.2d 84 (1996). Accordingly, we conclude that the court did not err in dismissing the plaintiff's cause of action under CFEPA for failing to exhaust her administrative remedies.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] The complaint also named Edward Botwick and Ronald Chomicz as defendants. They are not, however, parties to the present action and appeal.

[2] The certified mail receipt shows that, although the plaintiff addressed the summons and complaint to "Specialized Student Education Services, Inc." in Yardley, Pennsylvania, Nancy Kelly, Director of Human Resources for SESI, accepted service.

[3] Although the plaintiff argued to the court, and continues to argue on appeal that SESI is the alter ego of the defendant, the plaintiff stated at a May 21, 2012 hearing that there appeared to be two defendants and requested leave to file an amended complaint. The court denied leave to amend the complaint because a proper motion was not before it at that time. The plaintiff failed to file a motion requesting leave to amend the complaint thereafter.

[4] The plaintiff appended the following exhibits bearing SESI's logo: a letter from SESI regarding the plaintiff's request for a foreseeable medical leave form; a foreseeable medical leave form; a staff training manual; and an unsigned employment contract for the plaintiff.

[5] In adjudicating a motion to dismiss, the trial court must hold an evidentiary hearing to determine disputed facts necessary to the resolution of the motion. See *Bellman* v. *West Hartford*, 96 Conn. App. 387, 396, 900 A.2d 82 (2006). The plaintiff, however, does not raise this issue as a claim on appeal, and therefore, we need not address whether it was error for the court not to hold an evidentiary hearing to determine whether SESI was the alter ego of the defendant.

[6] Specialized Student Education Services, Inc., is the entity that the plaintiff named as the defendant on the summons and in the caption of the February, 2012 complaint. Both parties, however, acknowledge that an entity by this name does not exist.

[7] We note that the February, 2012 complaint remains open as the motion to dismiss did not apply to the claims against the individual defendants, Edward Botwick and Ronald Chomicz.

[8] We note that the plaintiff filed this action in a different judicial district.

[9] The transcript from the September 24, 2012 hearing reads:

"[The Plaintiff's Counsel]: So, you see the heading on [the paperwork is] the Delaware company.

"The Court: Well, it's [SESI].

"[The Plaintiff's Counsel]: Yep.

"The Court: As opposed to Specialized Student Education Services, Inc.

"[The Plaintiff's Counsel]: Right. That's the wrong name. I—That's correct. That's the wrong name.

"The Court: It's a misnomer on the—on the writ [of summons].

"[The Plaintiff's Counsel]: Yea."

———————————————————