******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DEUTSCHE BANK NATIONAL TRUST COMPANY,
TRUSTEE *v.* ELIZABETH TORRES ET AL.
(AC 35838)

Gruendel, Beach and Alvord, Js.

*Argued January 21—officially released March 25, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Vacchelli, J.)

*Laura Pascale Zaino*, with whom were *Brian D.
Rich*, and, on the brief, *Peter R. Meggers*, for the appellant (plaintiff).

*Opinion*

GRUENDEL, J. The plaintiff, Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-1, appeals from the judgment of the trial court granting the motion to dismiss of the self-represented defendant, Elizabeth Torres.[1] On appeal, the plaintiff claims that the court improperly found that the plaintiff failed to demonstrate that it had standing, and subsequently erred in granting the defendant's motion to dismiss.[2] We agree, and therefore, reverse the judgment of the trial court.

"The procedural posture of this case governs our recitation of the facts underlying the appeal. When a . . . court decides a . . . question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . Further, in addition to admitting all facts well pleaded, the motion to dismiss invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Citation omitted; internal quotation marks omitted.) *CitiMortgage, Inc.* v. *Gaudiano*, 142 Conn. App. 440, 441–42, 68 A.3d 101, cert. denied, 310 Conn. 902, 75 A.3d 29 (2013).

This appeal concerns real property owned by the defendant and known as 60 Whiting Road in East Hartford (property). On October 25, 2005, the defendant executed a promissory note (note) in favor of Long Beach Mortgage Company in the principal amount of $144,000. That note was secured by a mortgage deed on the property that the defendant also executed on October 25, 2005, to Long Beach Mortgage Company.

The mortgage and the note were later assigned to the plaintiff, who initiated a foreclosure action on January 5, 2009, alleging that it was the holder of such note and mortgage, which were both in default by virtue of nonpayment. The plaintiff also filed a motion for judgment of strict foreclosure in June, 2010, but the motion was continued and never adjudicated. On November 19, 2012, the defendant moved to dismiss the plaintiff's complaint, arguing, inter alia: "Remove for the following: pursuant to federal question, subject matter, diversity of citizenship, lack of standing, lack of jurisdiction, failure to produce allonge instrument, deed, note, mortgage, original contract without material alteration." The plaintiff thereafter filed a substantive objection to the defendant's motion, arguing that she failed to set forth a sufficient legal argument as to why the court should grant her motion to dismiss.

The parties appeared before the court on April 1, 2013, for argument on the defendant's motion to dis-

miss.[3] The court first addressed whether the plaintiff had standing to bring a foreclosure action against the defendant. Although the plaintiff presented a copy of the note and mortgage, it did not produce the original documents to the court. The court then continued the case until April 29, 2013, to allow the plaintiff to bring such documents in order to "prove that it was . . . the owner of the debt and holder of the note prior to the commencement of the suit."

On April 29, 2013, the parties again appeared before the court and the plaintiff's counsel provided the original note and mortgage to the court. The defendant objected, arguing that the party on the note was Long Beach Mortgage Company, not the plaintiff bank, to which the plaintiff responded that the mortgage was assigned to it as trustee, and provided the supporting assignment document as proof. The court then stated: "The record I have in front of me says Long Beach has it, so I need some evidence . . . [of] how it got to the plaintiff in this case . . . ." The plaintiff's counsel explained that "the last time we were in court about a month ago for this very same motion to dismiss, Your Honor requested that I show [the defendant] a copy of the note, mortgage and any relative assignments. I brought that with me today in original form. I did not prepare to bring any agreements between the banks. I'm willing to . . . obtain them if I could have a week . . . ." At that time, the court granted the defendant's motion to dismiss, stating: "I need to see how [the plaintiff] has standing to pursue this and I do have the note, but the note is made out to a different party. I need to see the chain . . . the documents that show how it got into the hands of the plaintiff . . . ." In May, 2013, the plaintiff filed a motion to reargue the granting of the motion to dismiss. That motion was denied by the court, and this appeal followed.

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the [plaintiff] cannot as a matter of law and fact state a cause of action that should be heard by the court . . . . [It] tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *In re Iliana M.*, 134 Conn. App. 382, 387–88, 38 A.3d 130 (2012). "The issue of standing implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. Practice Book § [10-30] (a)." (Internal quotation marks omitted.) *McWeeny* v. *Hartford*, 287 Conn. 56, 63, 946 A.2d 862 (2008).

Our standard of review is well established. "[W]here legal conclusions of the [trial] court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision. . . . Thus, our review of the trial court's ultimate legal conclusion and resulting grant of the motion to dismiss will be de novo."

(Citation omitted; internal quotation marks omitted.) *Borden* v. *Planning & Zoning Commission*, 58 Conn. App. 399, 405, 755 A.2d 224, cert. denied, 254 Conn. 921, 759 A.2d 1023 (2000).

The plaintiff claims that the court improperly granted the defendant's motion to dismiss. It argues that it has standing to bring this foreclosure action because it alleged in its complaint that it is the holder of the note and the mortgage. The plaintiff therefore concludes that, because the trial court must take the facts to be those alleged in the complaint, it should have denied the defendant's motion to dismiss. We agree.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [When] a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." (Citation omitted; internal quotation marks omitted.) *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 125, 74 A.3d 1225 (2013).

"Several general principles concerning mortgage foreclosure procedure also guide our analysis. '[S]tanding to enforce [a] promissory note is [established] by the provisions of the Uniform Commercial Code . . . . [See] General Statutes § 42a-1-101 et seq. Under [the Uniform Commercial Code], only a "holder" of an instrument or someone who has the rights of a holder is entitled to enforce the instrument. General Statutes § 42a-3-301. The "holder" is the person or entity in possession of the instrument if the instrument is payable to bearer. General Statutes § 42a-1-201 (b) (21) (A). When an instrument is endorsed in blank, it "becomes payable to bearer and may be negotiated by transfer of possession alone . . . ." General Statutes § 42a-3-205 (b).' " (Footnotes omitted.) *Equity One, Inc.* v. *Shivers*, supra, 310 Conn. 126. "In addition, General Statutes § 49-17 allows the holder of a note to foreclose on real property even if the mortgage has not been assigned to him. See, e.g., *RMS Residential Properties, LLC* v. *Miller*, [303 Conn. 224, 230, 32 A.3d 307 (2011)] ([o]ur legislature, by adopting § 49-17, created a statutory right for the rightful owner of a note to foreclose on real property regardless of whether the mortgage has been assigned to him); *Chase Home Finance, LLC* v. *Fequiere*, [119 Conn. App. 570, 576, 989 A.2d 606] (§ 49-17 codifies the common-law principle of long standing that the mortgage follows the note, pursuant to which only the rightful owner of the note has the right to enforce the mortgage . . .), [cert. denied, 295 Conn. 922, 991 A.2d 564 (2010)]. This court also has recently determined that a loan servicer for the owner of legal title to a note has standing in its own right to foreclose

on the real property securing the note. *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 311, 317, 71 A.3d 492 (2013)." (Footnote omitted; internal quotation marks omitted.) *Equity One, Inc.* v. *Shivers*, supra, 127. Furthermore, there is a rebuttable presumption that the holder of a note is the owner of the debt. *RMS Residential Properties, LLC* v. *Miller*, supra, 231–32.

Based on the standard with which a trial court must rule on a motion to dismiss and our Supreme Court's delineation of the standing requirements in a foreclosure action, it is clear that the court erroneously granted the defendant's motion to dismiss for the plaintiff's failure to demonstrate standing. In the complaint, the plaintiff alleged that it was the holder of the note and the mortgage that were assigned to it from Long Beach Mortgage Company. As the plaintiff explained in its memorandum in support of its motion to reargue the granting of the motion to dismiss, "Long Beach Mortgage Company endorsed the note in blank. . . . Thus, the note is payable to bearer and the plaintiff is the lawful holder. . . . This note was presented to and reviewed by the court and defendant. . . . Despite the plaintiff's statements that as holder of the note it has standing to bring the instant action, and absent any facts or evidence set forth by the defendant at argument or in the defendant's motion to dismiss, the court dismissed the action for lack of standing." (Citations omitted.) Because the defendant did not offer any evidence to call the plaintiff's allegations into question, she failed to rebut the presumption that the plaintiff, as the holder of the note, is the owner of the debt. See *RMS Residential Properties, LLC* v. *Miller*, supra, 303 Conn. 231–32. Based on the facts alleged in the plaintiff's complaint and the documents presented to the court, we conclude that the plaintiff has raised the presumption of standing sufficient to overcome a motion to dismiss. The court, therefore, erred in granting the defendant's motion to dismiss.

The judgment is reversed and the case is remanded with direction to deny the defendant's motion to dismiss and for further proceedings according to law.

In this opinion the other judges concurred.

[1] The defendant EMC Mortgage Corporation did not appear before the trial court and is not a party to this appeal. In this opinion, we refer to Elizabeth Torres as the defendant.

[2] The plaintiff also claims that the court erred in (1) granting a procedurally deficient motion to dismiss, (2) failing to hold an evidentiary hearing before dismissing its action for lack of standing, (3) denying its request for a brief continuance to allow the plaintiff to produce the chain of agreements by which it acquired the note and mortgage, and (4) denying the plaintiff's motion to reargue the judgment of dismissal. Our conclusion that the court erred in finding that the plaintiff failed to demonstrate standing makes it unnecessary to address these other claims. Accordingly, we set forth only those facts that are necessary to the resolution of the plaintiff's standing claim.

[3] The court did not hold an evidentiary hearing, but rather permitted the self-represented defendant to argue on her motion.