******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STEPNEY, LLC *v.* JP MORGAN CHASE BANK, N.A.
(AC 35188)

Lavine, Alvord and Bear, Js.*

*Argued April 22—officially released July 1, 2014*

(Appeal from Superior Court, judicial district of
Fairfield, S. Richards, J.)

*Andre Cayo*, for the appellant (plaintiff).

*Daniel J. Krisch*, with whom, on the brief, was *Brian
D. Rich*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Stepney, LLC, appeals from the judgment of the trial court granting the motion to dismiss its complaint for lack of subject matter jurisdiction filed by the defendant, JP Morgan Chase Bank, N.A. On appeal, the plaintiff claims that the court erred in its determination that under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1821 (d), the plaintiff was required to exhaust its administrative remedies before bringing this action. We disagree, and affirm the judgment of the court.

The record reveals the following facts and procedural history.[1] Sometime prior to June 2007, the plaintiff applied to Washington Mutual Bank (Washington Mutual) for a $1.2 million commercial mortgage on an apartment and commercial building located in Bridgeport. Thereafter, on June 18, 2007, the plaintiff received an "Application Fee Agreement" from Washington Mutual, which provided in its terms and conditions of approval the following conditions: "The loan contains a Yield Maintenance prepayment premium, minimum of 1 [percent] for the first ten years of the loan. Refer to the loan document for further details. Prepayment premium is subject to change if the loan program is changed." At the closing of the mortgage loan on August 22, 2007, the plaintiff claims it was required to execute a "Prepayment Addendum to Promissory Note" (addendum), which provided for an alternative method of calculating the prepayment premium.

Sometime thereafter, Washington Mutual experienced bank failure, and the institution was placed into the receivership of the Federal Deposit Insurance Corporation (FDIC). The FDIC then entered into a "Purchase and Assumption Agreement" with the defendant, by which the defendant acquired certain assets and liabilities from Washington Mutual, including the plaintiff's mortgage. In 2011, the plaintiff applied for and obtained a mortgage commitment from another bank at a lower mortgage interest rate. The plaintiff sought to pay off its mortgage with the defendant, which had an outstanding principal balance of approximately $1.1 million. The defendant informed the plaintiff that such a payoff would be subject to a prepayment premium of $349,343.03, which was calculated pursuant to the alternative method included in the addendum.

On December 7, 2011, the plaintiff commenced this action against the defendant. In its complaint, the plaintiff challenged the validity of the alternative method of calculating the prepayment premium, and asserted that "[a]t the time of the closing, it was never disclosed to the plaintiff the significance of this alternative prepayment [premium] or the potential enormity of its impact since the language was neither plain nor understandable and

was treated as being insignificant." The plaintiff claimed that the alternative method of calculating the prepayment premium "inserted in the addendum on August 22, 2007, and which was not contained in the original mortgage commitment agreed to on June 18, 2007, was illegal on the part of the lender and constituted an unconscionable and deceptive practice that renders that clause both illegal and unenforceable." The plaintiff asked the court to declare the prepayment premium contained in the addendum "illegal and void."[2]

On February 14, 2012, the defendant filed a motion to dismiss, in which it asserted that the court lacked subject matter jurisdiction because the plaintiff failed to exhaust its administrative remedies under FIRREA prior to bringing this action against the defendant.[3] The plaintiff objected. The court granted the defendant's motion to dismiss on October 5, 2012. In its memorandum of decision, the court agreed that under 12 U.S.C. § 1821 (d) (13) (D) it lacked subject matter jurisdiction over the plaintiff's claim, and noted that the plaintiff had "not [pleaded] the exhaustion of [its] administrative remedies" or "alleged that it had even filed a claim with the FDIC, which would be the first step in complying with FIERRA's requirements." This appeal followed.

The plaintiff argues that the court erred in granting the motion to dismiss, and asserts that its claim against the defendant does not fall under FIRREA's jurisdiction.[4] We are not persuaded.

Our review of the court's decision granting a motion to dismiss on the ground of subject matter jurisdiction is plenary. *Hinde* v. *Specialized Education of Connecticut, Inc.*, 147 Conn. App. 730, 737, 84 A.3d 895 (2014). "[FIRREA], among other things, establishes administrative procedures for bringing claims against institutions for which the FDIC is receiver." *Bank of New York* v. *First Millennium, Inc.*, 607 F.3d 905, 920 (2d Cir. 2010). The plain language of FIRREA outlines the administrative process that must be followed before a court can exercise jurisdiction over a matter involving a failed bank, and provides, in relevant part, that "no courts shall have jurisdiction over—(i) any claim or action for payment from, or any action seeking determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or (ii) any claim relating to any act or omission of such [failed] institution or the Corporation as receiver." 12 U.S.C. § 1821 (d) (13) (D). The Second Circuit repeatedly has "held that [§] 1821(d) (13) (D) . . . creates a requirement that all claims must be presented to the FDIC before a claimant may seek judicial review." *Carlyle Towers Condominium Assn., Inc.* v. *Federal Deposit Ins. Corp.*, 170 F.3d 301, 307 (2d Cir. 1999); see also *Resolution Trust Corp.* v. *Elman*, 949 F.2d 624, 627 (2d Cir.

1991).

It is not disputed that Washington Mutual is a failed institution for which the FDIC was appointed as receiver, and it is clear from the complaint that all of the plaintiff's claims relate to the finalization and issuance, as well as the terms, of a mortgage that the plaintiff entered into with Washington Mutual *before* it failed.[5] In other words, although purporting to assert a claim against the defendant, the plaintiff's allegations are wholly premised on its contractual relationship with Washington Mutual. As the broad language of 12 U.S.C. § 1821 (d) (13) (D) (ii) makes clear, a court does not have jurisdiction over "*any* claim relating to *any* act or omission of such [failed] institution *or* the Corporation as receiver." (Emphasis added.) Accordingly the plaintiff's claim, as it is currently pleaded, is susceptible to resolution under FIRREA. The plaintiff cannot circumvent FIRREA's jurisdictional bar and mandatory administrative exhaustion requirement simply by directing its claims against the defendant. We therefore agree that the court lacked subject matter jurisdiction because the plaintiff failed to exhaust its administrative remedies.

The judgment is affirmed.

* The listing of judges reflects their seniority status on this court as of the date or oral argument.

[1] "The procedural posture of this case governs our recitation of the facts underlying the appeal. When a . . . court decides a . . . question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . Further, in addition to admitting all facts well pleaded, the motion to dismiss invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Torres*, 149 Conn. App. 25, 26–27, 88 A.3d 570 (2014).

[2] The plaintiff initially sought monetary damages as well as equitable relief, but withdrew its additional claim for monetary damages after the defendant filed its motion to dismiss.

[3] The defendant raised two additional grounds in support of its motion to dismiss. The trial court did not address those grounds in its decision, and they are not properly before us.

[4] To support its position, the plaintiff relies heavily on *Bank of New York* v. *First Millennium, Inc.*, 607 F.3d 905 (2d Cir. 2010), and *Federal Housing Financial Agency* v. *JPMorgan Chase & Co.*, 902 F. Supp. 2d 476 (S.D.N.Y. 2012). Neither of those cases is on point. *Bank of New York* v. *First Millennium, Inc.*, supra, 607 F.3d 905 (2010), is factually distinct because it did not involve a claim against either the failed institution *or* the FDIC, therefore the court, under those circumstances, held that FIRREA did not apply. Id., 920. Here, the plaintiff has asserted a claim against a failed institution. Similarly, *Federal Housing Financial Agency* v. *JPMorgan Chase & Co.*, supra, 902 F. Supp. 2d 476 is inapposite because the holding and analysis in that case were premised on the plaintiff's allegation that the defendant successor bank had assumed liability with respect to the claim at issue. Id., 501–502. No such allegation has been made in the present case.

[5] The plaintiff argues that its claim does not fall under FIRREA because the defendant "has chosen" to enforce the alternative calculation prepayment premium instead of the 1 percent prepayment premium. The plaintiff, however, has offered no relevant legal authority to support this proposition.