******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SAUNDRA MAGANA *v.* WELLS FARGO
BANK, N.A., ET AL.
(AC 37792)

Gruendel, Lavine and Alvord, Js.*

*Argued February 16—officially released April 19, 2016*

(Appeal from Superior Court, judicial district of
Hartford, Miller, J.)

*Saundra Magana*, self-represented, the appellant (plaintiff).

*Kevin P. Polansky*, for the appellee (named defendant).

*Elizabeth T. Timkovich*, with whom, on the brief, was *Pierre-Yves Kolakowski*, for the appellees (defendant ReconTrust Company, N.A., et al.).

*Opinion*

PER CURIAM. The self-represented plaintiff, Saundra Magana, appeals from the judgment of the trial court granting the motion for nonsuit for her failure to comply with discovery requests that was filed by the defendants Wells Fargo Bank, N.A., as Trustee for the Benefit of the Certificate Holders of Asset-Backed Pass Through Certificates Series 2004-MCW1 (Wells Fargo), ReconTrust Company, N.A., and Bank of America, N.A. (Bank of America).[1] The plaintiff asserts that the court erred in granting the motion for nonsuit by relying on the bank defendants' representations that she failed to comply with its discovery orders in the absence of evidence supporting their claim. We agree, and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On July 26, 2013, the plaintiff served a complaint seeking an injunction against the bank defendants, as well as the defendants NRT New England, LLC, Lawrence Gagnon, and Auction.com, Inc. The plaintiff alleged that Wells Fargo had foreclosed on property at 67 Regency Drive in West Hartford that she occupied as a tenant under a lease agreement that she had entered into with the former mortgagor and owner. She alleged that the lease agreement included an option to purchase the property. The plaintiff alleged that Bank of America offered her the option to purchase the property, which she exercised by contacting Gagnon, a representative of Bank of America. The plaintiff alleged that despite her having accepted the offer to purchase the property, Bank of America scheduled an auction sale on Auction.com, Inc.'s website, which prejudiced her option to purchase. In her complaint, she requested an ex parte, temporary, and permanent injunction preventing the auction sale that she alleged was pending at the time the complaint was served.

By October 6, 2014, only the bank defendants remained as defendants. On October 4, 2013, the bank defendants had served on the plaintiff their first request for interrogatories and request for documents. The plaintiff received an extension until December 13, 2013, to respond. On September 3, 2014, the bank defendants filed a motion for an order of compliance requesting that the court order the plaintiff to respond to the discovery requests or to enter a judgment of nonsuit against her. On October 6, 2014, the court issued an order granting the motion for compliance, stating "[a] nonsuit shall enter on November 6, 2014, unless plaintiff responds to defendants' discovery requests and files a certificate of compliance with this order before that deadline." On October 6, 2014, the plaintiff filed an objection to the motion. On November 5, 2014, the plaintiff filed a certificate of compliance with the court, stating that she had complied with the October 6, 2014 order.

On November 19, 2014, the bank defendants filed a motion for nonsuit, stating that the plaintiff had still failed to provide the discovery requests and to comply with the October 6, 2014 order. On December 19, 2014, the court issued an order stating: "The defendant is entitled to discovery compliance, having requested it over a year ago. The plaintiff shall serve verified responses to all of the discovery requests in question on or before February 3, 2015, or a judgment of nonsuit shall enter. No extensions of time shall be granted without a showing of extreme good cause by the plaintiff. If there is no compliance by [that date], the defendant should reclaim this motion and ask that it be referred to the undersigned for adjudication." The plaintiff filed a verification of compliance on February 3, 2015. On February 25, 2015, the bank defendants filed a supplement to their motion for nonsuit, claiming that the plaintiff again had failed to comply with the discovery requests and court orders.[2] The plaintiff filed an objection to the motion for nonsuit, which the court overruled on March 8, 2015. On March 19, 2015, the court issued an order granting the motion for judgment of nonsuit. The court stated that "[a] judgment of nonsuit shall enter because the plaintiff violated this court's earlier orders regarding discovery compliance." This appeal followed.

Prior to addressing the plaintiff's claims, we note the applicable standard of review and legal principles. "Practice Book § 13-14 provides sanctions for failure to answer interrogatories, which the court may order upon motion as the ends of justice require. These orders may vary in severity from entry of a nonsuit or default or judgment of dismissal to an award of costs of the motion, including a reasonable attorney's fee." *Tuccio* v. *Garamella*, 114 Conn. App. 205, 208, 969 A.2d 190 (2009). "Decisions on the entry of such sanctions rest within the sound discretion of the trial court." *Rullo* v. *General Motors Corp.*, 208 Conn. 74, 78, 543 A.2d 279 (1988). "In order for a trial court's order of sanctions for violation of a discovery order to withstand scrutiny, three requirements must be met. First, the order to be complied with must be reasonably clear. . . . This requirement poses a legal question that we will review de novo. Second, the record must establish that the order was in fact violated. This requirement poses a question of fact that we will review using a clearly erroneous standard of review. Third, the sanction imposed must be proportional to the violation. This requirement poses a question of the discretion of the trial court that we will review for abuse of that discretion." *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, 257 Conn. 1, 17–18, 776 A.2d 1115 (2001).

On appeal, the plaintiff does not assert that the trial court's orders were not reasonably clear, but rather claims that the court wrongly placed undue reliance

on representations made by the bank defendants in deciding to grant their motion for nonsuit. She challenges the trial court's finding that she failed to comply with its discovery orders. She claims that the court erred by relying solely on the unsupported representations of the bank defendants' counsel that she failed to comply with the discovery requests.

On the basis of our review of the record, we conclude that all the court had before it was the plaintiff's representations that she complied with the court orders, and the representations of the bank defendants' counsel in their motions for nonsuit that she failed to comply with them.[3] In light of the principle that "representations of counsel are not evidence and are certainly not proof"; *Martin* v. *Liberty Bank*, 46 Conn. App. 559, 562, 699 A.2d 305 (1997); the court did not have before it any evidence on which it could make a credibility determination. The court had only the parties' competing representations regarding whether the plaintiff had complied with the discovery requests and court orders. For this reason, we reverse the judgment of the trial court and remand the case for further proceedings. On remand, the court should hold an evidentiary hearing in which the parties can present evidence supporting their representations, permitting the court to make a factual finding as to whether the plaintiff has complied with its orders.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] We refer in this opinion to these defendants individually by name where necessary and, collectively, as the bank defendants.

[2] None of the bank defendants' three motions had any evidence attached to them supporting their representations that the plaintiff had failed to comply with the discovery requests and court orders.

[3] We reject the bank defendants' argument that the plaintiff's brief is inadequate to challenge the findings of the trial court as clearly erroneous.